SARAH E. ROSS, Bar No. 252206
sross@littler.com
DEVON S. MILLS. Bar No. 325471
dsmills@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendant
THE GOODYEAR TIRE & RUBBER COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHERLOCK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, a California Corporation and DOES 1-20, inclusive,<br><br>Defendant. | Case No. 2:22-cv-426<br><br>**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint filed: December 17, 2021 (originally filed in Los Angeles County Superior Court) |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4889-5591-2969.6 / 056530-1311

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant THE GOODYEAR TIRE & RUBBER COMPANY ("Defendant" or "Goodyear") hereby removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Defendant makes the following allegations in support of its Notice of Removal:

## I. JURISDICTION AND VENUE ARE PROPER

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one that may be removed by this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1446.

## II. STATUS OF THE PLEADINGS

3. On December 17, 2021, Plaintiff Michael Sherlock ("Plaintiff") commenced this action by filing a complaint in the Superior Court of California, County of Los Angeles entitled *Michael Sherlock v. The Goodyear Tire & Rubber Company, an Ohio Corporation and Does 1 to 20*, designated as Case No. 21STCV46155 ("Complaint"). The Complaint alleges ten causes of action: (1) associational Disability Discrimination; (2) failure to accommodate; (3) failure to engage in interactive process; (4) age discrimination; (5) retaliation in violation of the FEHA; (6) failure to prevent and/or remedy harassment; (7) interference of the California Family Rights Act; (8) Retaliation in violation of California Family Rights Act; (9) retaliation in violation of the Labor Code; and (10) wrongful termination in violation of public policy. (*See*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4889-5591-2969.6 / 056530-1311

1.

Declaration of Sarah E. Ross in Support of Defendant's Notice to Federal Court of Removal ("Ross Decl.") ¶ 2; Exhibit ("Exh.") A.)

4. On December 17, 2021, the Court Clerk issued a Notice of Case Assignment – Unlimited Civil Case. (Ross Decl. ¶ 3, Exh. B.)  On December 21, 2021, Goodyear's agent for service of process was served with Plaintiff's Complaint along with the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, First Amended General Order, Notice of Case Assignment – Unlimited Civil Case, Alternative Dispute Resolution (ADR) Information Package, and Voluntary Efficient Litigation Stipulations. (Ross Decl. ¶ 4, Exh. C.)

5. On December 28, 2021, the Court filed a Notice of Case Management Conference and an Order to Show Cause Re Failure to File a Proof of Service. (Ross Decl. ¶ 6, Exh. D.)

6. On January 19, 2022, Defendants filed its Answer to Plaintiff's Complaint in State Court. (Ross Decl. ¶ 7, Exh. E.)

7. To Defendant's knowledge, the documents attached to the Declaration of Sarah E. Ross constitute all process, pleadings, and orders served upon Defendant or filed in the State Court action by Defendant. (Ross Decl. ¶ 8, Exh. F.)

### III.  TIMELINESS OF REMOVAL AND NOTICE

8. This Notice of Removal is timely in that it has been filed within thirty (30) days of service upon Defendant of the Summons and Complaint on December 21, 2021, and within one year of the filing of the Complaint on December 17, 2021. *See* 28 U.S.C. § 1446(b).

### IV.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

9. The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

10. For purposes of removal, the citizenship of doe defendants is disregarded and only named defendants are considered.  28 U.S.C. § 1441(b)(1); *see Newcombe v.*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

4889-5591-2969.6 / 056530-1311

*Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998). Therefore, the defendants designated as DOES 1 through 20 are fictitious defendants, are not parties to this action, have not been served, and are to be disregarded for purposes of this removal. 28 U.S.C. § 1441(a), (b).

### A. Plaintiff Is A Citizen of California

11. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, No. CV13-2604PA(Ex), 2013 WL 8284799, at *3 (C.D. Cal. Apr. 16, 2013) (*citing Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* at *3. Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, No. CV12-03117SJO(PLAx), 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (*citing State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

12. Plaintiff's last known address when he was employed with Defendants was 4620 Falkirk Bay, Oxnard, California 93035. (*See* Declaration of Theresa Messick in Support of Defendant's Notice to Federal Court of Removal ("Messick Decl.") ¶ 4.) Additionally, according to public utility records search, the latest going up to November of 2021, plaintiff continues to reside at 4620 Falkirk Bay, Oxnard, California 93035. (*Id.*) Plaintiff is therefore a citizen of California for purposes of the instant jurisdictional analysis. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### B. Goodyear Is Not a Citizen of California

13. In determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State [] by which it has been incorporated and of the State [] where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14. Goodyear was, at the time of the filing of this action, and still is, a citizen of the State of Ohio. Goodyear was, and continues to be, a corporation incorporated under the laws of the State of Ohio. (*See* Messick Decl. ¶ 3).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3.

4889-5591-2969.6 / 056530-1311

15. To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* Goodyear's headquarters are located in Akron, Ohio. (Messick Decl. ¶ 3.) Accordingly, Goodyear was at the time of the filing of this action, and still is, a citizen of the State of Ohio because it is a corporation incorporated under the laws of the State of Ohio and has its principal place of business in Akron, Ohio.

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. While Plaintiff's Complaint does not specify the amount that he seeks to recover from Defendant in this action, it does state the amount in controversy exceeds $25,000. (*See* Complaint ¶ 11). Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Here, the Complaint does not indicate a total amount of damages claimed; consequently, Goodyear only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996).

17. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

4889-5591-2969.6 / 056530-1311

F. Supp. 2d 982, 986 (S.D. Cal. 2005). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

18. Here, Plaintiff's Complaint alleges ten various claims for discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, interference, failure to investigate and prevent and wrongful termination. (*See* Complaint.) Although Goodyear denies the validity and merit of Plaintiff's claims and the underlying allegations, and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

19. Should Plaintiff prevail on his claims, he potentially could recover lost wages and benefits through the date of trial, as alleged in his Complaint. At the end of Plaintiff's employment with Goodyear, he was paid at the rate of $5,067.66 per pay period, which was twice a month (Salary of $121,623.81 over 24 pay periods). (Messick Decl. ¶ 5). His employment was terminated on May 4, 2020. (Complaint ¶ 25.) If Plaintiff were to recover back wages from May 4, 2020 to the present (approximately 41 pay periods) he potentially could recover approximately **$207,774.10** ($5,067.66 /pay period x 41 pay periods). Moreover, if the case proceeds to trial by the end of December 2022—approximately one year from when Goodyear was served with the Complaint—and Plaintiff remains unemployed, the amount in controversy on lost wages would be a total of approximately additional 22.5 pay periods, or roughly **$321,796.40 in total** ($5,067.66 /pay period x 63.5 pay periods). *See James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 WL 1589543, *2 n.1 (E.D. Cal., June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

20. In addition, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4889-5591-2969.6 / 056530-1311

Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional **$364,852.50** ($5,067.66 /pay period x 24 pay periods/year x 3 years). Thus, if this case goes to trial in December 2022, it may reasonably be estimated that Plaintiff's claims of back pay and front pay would alone total an estimated **$686,667.90.**

21. Plaintiff also alleges emotional distress and punitive damages. (Complaint ¶¶ 33, 40, 44, 48, 52, 59, 65, 71, 78, 83, and Prayer for Relief at ¶¶ 2 and 4.) Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy). These categories of damages must be considered when calculating the amount in controversy even if no such damages are clearly pled in the complaint. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (citing *Gibson*, 261 F. 3d at 945); *Richmond v. All State Ins.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).

22. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Flores v. Office Depot Inc.*, BC556173, 2017 WL 773850 (Cal. Super. Feb. 6, 2017) (awarding $1.064 million in pain and suffering damages); *Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim).

23. Likewise, plaintiffs in employment cases have been awarded substantial punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). California law does not provide any specific monetary limit on the amount of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.

4889-5591-2969.6 / 056530-1311

punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Indeed, punitive damage awards have equaled as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

24. Lastly, Plaintiff seeks attorneys' fees. Attorneys' fees that are potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under the FEHA, the court, in its discretion, may award to the prevailing party reasonable attorneys' fees. CAL. GOV'T CODE § 12965(b).

25. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id.* "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may **reasonably be expected to equal at least $30,000** (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, No. CV14-09154-AB(AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (emphasis added). Thus, Plaintiff's demand for attorneys' fees adds, at minimum, **$30,000** to the amount in controversy, which is a very conservative estimate. *See e.g.*, *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $971,684); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA); *Begazo v Passages Silver Strand L.L.C.*, JVR No. 1706020057 (Cal. Super. 2017) (court awarding $375,568 in attorneys' fees in FEHA action).

26. In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000 jurisdictional threshold. Thus,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

4889-5591-2969.6 / 056530-1311

this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI. NOTICE TO THE COURT AND PARTIES

27. Contemporaneously with the filing of this notice of removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the notice of removal will be filed with the clerk of the court for the Superior Court of the County of Los Angeles.

Dated:   January 20, 2021

*/s/ Sarah E. Ross*
SARAH E. ROSS
DEVON S. MILLS
LITTLER MENDELSON, P.C.
Attorney for Defendant
THE GOODYEAR TIRE & RUBBER COMPANY

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8.

4889-5591-2969.6 / 056530-1311