EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2021 06:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:22-cv-00426-SVW-AFM Document 1-2 Filed 01/20/22 Page 2 of 30 Page ID #:14

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Keosian

1 | **ALEXANDER MORRISON + FEHR LLP**
Tracy L. Fehr (SBN 239005)
2 | John L. Schwab (SBN 307599)
1900 Avenue of the Stars, Ste 900
3 | Los Angeles, CA 90067
Tel: (310) 394-0888
4 | tfehr@amfllp.com
jschwab@amfllp.com
5 |
**LAW OFFICES OF G. SAMUEL CLEAVER**
6 | G. Samuel Cleaver (SBN 245717)
sam@gscleaverlaw.com
7 | 3660 Wilshire Blvd., Ste. 922
Los Angeles, CA 90010
8 | Tel: (213) 568-4088
9 | Attorneys for Plaintiff
MICHAEL SHERLOCK
10 |
11 |
12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13 | **FOR THE COUNTY OF LOS ANGELES**
14 |

15 | MICHAEL SHERLOCK, an individual,

16 | Plaintiff,

17 | vs.

18 |

19 | THE GOODYEAR TIRE & RUBBER COMPANY, a California Corporation, and
20 | DOES 1-20, inclusive,

21 | Defendants.

Case No. 21STCV46155

**COMPLAINT FOR DAMAGES AND OTHER RELIEF**

1) **Associational Disability Discrimination (Gov't Code § 12940(a))**
2) **Failure to Accommodate (Gov't Code § 12940(m))**
3) **Failure to Engage in the Interactive Process (Gov't Code § 12940(n))**
4) **Age Discrimination (Gov't Code § 12940(a))**
5) **Retaliation in Violation of the California Fair Employment and Housing Act (Gov't Code § 12940)**
6) **Failure to Prevent and/or Remedy Harassment, Discrimination, or Retaliation (Gov't Code § 12940(k))**
7) **Interference in Violation of the California Family Rights Act (Gov't Code § 12945.2)**
8) **Retaliation in Violation of the California Family Rights Act (Gov't Code § 12945.2)**
9) **Retaliation in Violation of Labor Code § 1102.5**
10) **Wrongful Termination in Violation of Public Policy;**

**JURY TRIAL DEMANDED**

COMPLAINT

Plaintiff MICHAEL SHERLOCK ("Plaintiff") in support of his Complaint against Defendants THE GOODYEAR TIRE & RUBBER COMPANY and DOES 1-20 (collectively "Goodyear") hereby alleges as follows:

## <u>GENERAL ALLEGATIONS</u>

1.      Plaintiff MICHAEL SHERLOCK is an individual who was employed by Defendant Goodyear.

2.      THE GOODYEAR TIRE & RUBBER COMPANY was at all times relevant a corporation doing business in California with its principal California office in Sacramento, California.  Goodyear regularly does business in the County of Los Angeles and employed Plaintiff in the County of Los Angeles.

3.      The true names, identities, or capacities whether individual, corporate, partnership, or otherwise, of Defendants, DOES 1-20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this Complaint and to insert said true names, identities, and capacities, together with the proper charging allegations.

4.      Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE Defendant is responsible in some manner and liable herein for negligent, wanton, reckless, and tortious conduct, are strictly liable, and by such wrongful conduct, proximately caused Plaintiff's injuries and damages.

5.      Defendants THE GOODYEAR TIRE & RUBBER COMPANY, and DOES 1 through 20, inclusive, are hereinafter collectively referred to as "Defendants" or "Goodyear."

6.      Plaintiff is informed and believes that, at all times relevant, each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, acted as an agent of, acted within the course and scope of employment for, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

7.     Plaintiff is informed and believes that, except as otherwise alleged herein, each Defendant is, and at all times relevant to this Complaint, was, the agent, joint employer, partner, joint venture, alter ego, affiliate, co-conspirator, and/or other relationship holder with or of each of the other Defendants and/or otherwise acted on behalf of each other Defendant and/or is otherwise legally responsible for the actions of each other Defendant.

8.     Plaintiff names said Defendants herein, and each of them, because Plaintiff is in doubt and does not know exactly from which of the said Defendants Plaintiff is entitled to redress in light of the fact that the injuries and damages to Plaintiff herein alleged were caused by the combined negligence of all of the Defendants, or one or more of them.  For that reason, Plaintiff names all of these Defendants and asks that the Court determine the liability of each and all Defendants, determine to what extent and what responsibility and liability falls upon each Defendant, and award judgment to Plaintiff against Defendants, either jointly or separately, as may be found liable.

9.     Plaintiff is informed and believes, and thereon alleges, that one or more of the DOE Defendants, either individually or jointly with one or more of the other DOE Defendants, actively or implicitly conspired with each other in the acts complained of herein, and are therefore liable, jointly and severally, to the Plaintiff for the relief prayed for herein.

10.     Venue is proper in the County of Los Angeles because the unlawful employment practices, conduct, and decisions alleged herein were committed and/or approved in the County of Los Angeles, and, on information and belief, records relevant to the unlawful employment practices alleged herein are maintained and/or administered in the County of Los Angeles.

11.     The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $25,000.

**FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

12.     Within the applicable limitations periods, Plaintiff was employed by Defendant Goodyear in the County of Los Angeles.

13.     Plaintiff worked over 35 years for Goodyear.  He started as a sales associate and worked his way up to a position as district manager in one Goodyear's two Southern California

2
**COMPLAINT**

districts.  Plaintiff oversaw twenty-two (22) of Goodyear's Just Tires stores, one of the biggest districts in the country.  During his career, Plaintiff relocated his family multiple times at Goodyear's request.  Plaintiff performed well in his position.  In 2014, he was Western District Manager of the Year.  In 2015 and 2016, he was District Manager of the Year for the entire company.

14.     In 2010, Plaintiff's wife was diagnosed with Alzheimer's disease.  Her health gradually declined during the following years until she was no longer able to care for herself, and Plaintiff became her primary caretaker.  Plaintiff's wife was eventually diagnosed with Parkinson's disease as well.  Despite having the responsibility to care for his wife, Plaintiff continued to do his best and continued to succeed in his position as district manager.

15.     In 2017, Chris Campbell became Goodyear Director of Stores.  He was based in Akron, Ohio.  Campbell was Plaintiff's second-level supervisor.  Plaintiff's supervisor was Alan Joiner who was the Southern General Manager for the Goodyear retail stores division. After he became the Director of Stores, Campbell traveled to California specifically to meet with Plaintiff and receive a presentation from Plaintiff on how Plaintiff ran his district.  After the trip, Campbell regularly consulted with Plaintiff.  Campbell told Plaintiff that he was thinking of creating a new General Manager position and wanted to know if Plaintiff would be interested in filling it.

16.     In 2018, Plaintiff discovered a discrepancy in the profit and loss statement for his district.  The statement was showing a negative charge for the scrap tire fee, which is the fee a customer pays to Goodyear to dispose of an old tire.  Plaintiff knew that his stores charged customers four dollars a tire to recycle old tires and paid two dollars to a recycling service to take the old tires.  He should have been making two dollars profit for every disposed tire.  There was no way he could be losing money on the fee.

17.     In trying to find the reason for the shortfall, Plaintiff discovered a profit and loss statement for a phantom district that had apparently been created for accounting purposes only. The phantom district had nearly $2 million in yearly profit for tire recycling even though the district had no stores and did not collect tires.  The district amassed a $2 million profit for a

service it did not provide by siphoning money from the other Goodyear districts that collected a scrap tire fee.  The phantom district also took millions in of dollars in expense credits.  The district could amass expense credits by overcharging stores for expenses.  The charges and credits were taken against what Goodyear deemed Store Controllable Contributions ("SCC").  The SCC directly affected the profitability of the stores and districts, which in turn had a direct effect on district manager and store manager evaluations and bonuses, including bonuses calculated on formulas in Goodyear's store and district manager bonus plans.  By siphoning off revenue and artificially increasing expenses, the company substantially reduced the bonus money available to store managers and denied them the full bonuses they should have received under the terms of the company bonus plans.

18.     Plaintiff subsequently met with Joiner and Campbell to report the phantom district and related bonus theft.  Joiner and Campbell presented Plaintiff with various explanations that Plaintiff knew were untrue, to justify overcharging and siphoning money from the stores and districts.  When it became clear that Plaintiff did not believe their false explanations, Campbell told Plaintiff, "that's just the way it is" and that situation was not going to change.

19.     Campbell's attitude toward Plaintiff changed immediately following the meeting.  Both Joiner and Campbell were much cooler toward Plaintiff then they had been before.  Campbell no longer spoke to Plaintiff at meetings, and there was no more talk of placing Plaintiff in a General Manager position.  Instead, Joiner and Campbell began a campaign to get rid of Plaintiff.

20.     Following the meeting, Plaintiff received multiple calls from district managers who said they had heard that he was going to retire soon even though Plaintiff had never mentioned retirement.  The rumors started after an assistant general managers' meeting at the company headquarters.  Plaintiff subsequently received the first negative annual evaluation of his career.  In January 2019, Defendants added over $500,000 in labor costs to Plaintiff's district without prior notice.  Defendants increased the sales and expense goals for Plaintiff's district as well.  Defendants were setting Plaintiff up for termination.

21.     In April 2019, Plaintiff alerted Goodyear Human Resources Department that his wife's illness was progressing and that he would likely need family leave at some point to care for her.

22.     In September 2019, Joiner issued Plaintiff a scathing mid-year review threatening to terminate Plaintiff if he did not meet the unrealistic targets that Defendants had set for his district.  Joiner did not put Plaintiff on a performance improvement plan, even though that was company policy.  Nevertheless, Plaintiff managed to meet his goals for 2019.

23.     Joiner subsequently made a surprise visit to Plaintiff's district that included a day that Joiner knew Plaintiff regularly worked from home because he did not have a caretaker for his wife.  Joiner demanded that Plaintiff accompany him on a series of store visits on Plaintiff's work from home day.  When Plaintiff told Joiner that it would be difficult to find someone on short notice to care for his wife, Joiner replied that that was Plaintiff's problem, not his.  During the store visits, Joiner asked Plaintiff when he planned to retire.

24.     On January 20, 2020, Plaintiff requested protected medical leave to care for his wife, whose condition had worsened.  Plaintiff also sent a letter of complaint to Goodyear Human Resources Director Karen Vickerman and Goodyear Chief Human Resources Officer Gary Vanderlind, complaining of Defendants' unlawful conduct.

25.     Three days later, Defendants sent Plaintiff a letter stating that it was terminating Plaintiff's employment.  On February 24, 2020, Plaintiff made another complaint to Defendants about the unlawful conduct he was suffering, including his termination.  Plaintiff never heard back from Defendants concerning either of his complaints.  Instead, the company terminated his employment at the end of his protected medical leave.  Plaintiff was 63 years old at the time of his termination.

26.     Defendants are employers covered under the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900 et seq., and the California Family Rights Act ("CFRA"), Government Code section 12945.2, which is part of the FEHA.

27.     Plaintiff has exhausted his administrative remedies with the California Department of Fair Employment and Housing and has received the necessary right-to-sue letters for all applicable claims asserted herein.

### FIRST CAUSE OF ACTION

**Associational Disability Discrimination (Gov't Code § 12940(a))**

**(Against All Defendants)**

28.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

29.     At all relevant times Defendant employed Plaintiff.  Defendant was aware that Plaintiff's wife had multiple disabilities including Alzheimer's and Parkinson's diseases. Plaintiff's wife's disabilities interfered with many major life activities, including but not limited to working, walking, feeding herself, basic memory and brain function, and caring for herself.

30.     Plaintiff's wife's disabling disabilities/conditions were costly to Defendants because Plaintiff's wife was covered under Defendant's health insurance.  Defendant feared that Plaintiff would be inattentive and/or lack focus on work because Plaintiff's wife's disabilities required his attention.  Defendant feared that Plaintiff would ask for or require additional time off from work due to his wife's disabilities.  Defendant feared that Plaintiff would be additionally inattentive or lack focus on work if and when his wife passed away from her disabilities, and Plaintiff may then also require additional time off of work.  Defendant did not want to deal with Plaintiff's potential future need for the interactive process and/or reasonable accommodation for his wife' disabilities.

31.     Plaintiff was able to perform all his essential job duties with or without reasonable accommodation.  Nevertheless, Defendants discharged Plaintiff.  Plaintiff's wife's disabilities and Plaintiff's association with his disabled wife were substantial motivating reasons for removal of Plaintiff's job duties, denial of time off for medical appointments, termination, and refusal to reinstate/rehire.

**COMPLAINT**

32.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

33.     These acts of Defendants, including by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

## SECOND CAUSE OF ACTION

### Failure to Accommodate (Gov't Code §§ 12926(o), 12940(m))

### (Against All Defendants)

34.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

35.     At all relevant times, Plaintiff's wife had one or more medical conditions and/or disabilities; and/or was perceived or regarded as having one or more medical conditions and/or disabilities, or a history of having one or more medical conditions or disabilities; and/or had or was perceived or regarded as having one or more medical conditions, disabilities, or other conditions that were potentially disabling and/or could be disabling or limiting in the future; constituting protected characteristics under the FEHA and/or otherwise qualifying Plaintiff for protections under the FEHA.  By way of example and not limitation, Plaintiff's wife suffered from Parkinson's and Alzheimer's diseases.

36.     Nevertheless, Plaintiff was able to perform the essential functions of his job with reasonable accommodations and often without accommodation.

**COMPLAINT**

37.     The Defendants knew of Plaintiff's wife's medical condition and/or disabilities and/or protected characteristics and knew or should have known that they fell within the definition of a medical condition and/or disability under the FEHA.

38.     During his employment, Plaintiff requested reasonable accommodation in the form of protected medical leave and medical leave to care for his wife and the ability to work from home as needed to care for her.

39.     Defendants failed to accommodate Plaintiff in multiple ways, some of which are described here.  Despite their knowledge of the foregoing, Defendants failed to accommodate Plaintiff by permitting him to take more than 15 weeks of medical leave.  Instead of fulfilling their legal duty, the Defendants terminated Plaintiff's employment.  On one occasion, Defendants abruptly rescinded Plaintiff's accommodation to care for his wife and work from home on Wednesdays, when he could not easily obtain care for her, forcing Plaintiff to come to work on almost no notice.

40.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

These acts of Defendants, including by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**Failure to Engage in the Interactive Process**

**(Gov't Code §§ 12926(o), 12940(n))**

**(Against All Defendants)**

41.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

42.     At all relevant times, Plaintiff's wife had one or more medical conditions and/or disabilities; and/or was perceived or regarded as having one or more medical conditions and/or disabilities, or a history of having one or more medical conditions or disabilities; and/or had or was perceived or regarded as having one or more medical conditions, disabilities, or other conditions that were potentially disabling and/or could be disabling or limiting in the future; constituting protected characteristics under the FEHA and/or otherwise qualifying Plaintiff for protections under the FEHA.  By way of example and not limitation, Plaintiff's wife suffered from Parkinson's and Alzheimer's diseases.

43.     Nevertheless, Plaintiff was able to perform the essential functions of his job with reasonable accommodations, and often without accommodations.

44.     During his employment, Plaintiff requested reasonable accommodation in the form of protected medical leave and medical leave to care for his wife and the ability to work from home as needed to care for her.  Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made.

45.     Defendants had a duty to engage in a timely, good-faith interactive process with Plaintiff to determine how to achieve reasonable accommodation of Plaintiff due to his wife's medical conditions and/or disabilities.  Defendants failed to participate in this timely, good-faith interactive process to determine whether reasonable accommodation could be made.

46.     Without engaging in a timely, good-faith interactive process, and contrary to its duty to act in good faith and to not terminate Plaintiff's employment before exhausting their efforts to engage in an interactive process, Defendants rescinded Plaintiff's accommodation of

working remotely on a Wednesday to care for his wife, and terminated Plaintiff.  Defendants should have engaged in a timely, good-faith interactive process to avoid termination of Plaintiff's employment and with the goal of instituting reasonable accommodations to Plaintiff instead of termination.  In addition, Defendants should have engaged in the interactive process following Plaintiff's termination and returned him to work.

47.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

48.     These acts of Defendants, including by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

## FOURTH CAUSE OF ACTION

### Age Discrimination

### (Gov't Code § 12940(a))

### (Against All Defendants)

49.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

50.     At all relevant times, Defendant employed Plaintiff.  Plaintiff was 63 years old at the time that Defendant terminated him.  Prior to the termination, Defendant was aware that Plaintiff's wife had age-related disabilities such as Alzheimer's, perceived Plaintiff as too old to continue working, and repeatedly asked Plaintiff when he would retire.   Plaintiff's age was a

substantial motivating reason for the removal of Plaintiff's job duties, denial of time off for medical appointments, termination, and refusal to reinstate/rehire.  Defendants replaced Plaintiff with a substantially younger and less qualified district manager who did not have Plaintiff's history of success.  Defendants terminated other older managers in favor of younger managers during the same time period.

51.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

52.     These acts of Defendants, including by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of the FEHA (Gov't Code § 12940)

### (Against All Defendants)

53.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

54.     Defendants are entities and/or employers governed by the Fair Employment and Housing Act, Government Code section 12900 et seq., including section 12940.  At all relevant times, Defendants employed Plaintiff.

55.     During his employment by Defendants, Plaintiff engaged in protected activity on multiple occasions.  His protected activity included but was not limited to: requesting

reasonable accommodation for his association with his disabled wife; opposing and objecting to the revoking of his reasonable accommodation to work from home on occasion to care for his disabled wife; notifying Defendants of his likely future need for leave as his wife's disabilities worsened; opposing and objecting to Defendants' decision to terminate his employment following his request for time off to care for his wife who had disabilities/serious medical conditions, to the discriminatory and retaliatory treatment he received due to his wife's disabilities, and his age, among others.

56.     After Plaintiff engaged in protected activities, he was subjected to adverse employment actions including but not limited to: removal of his regular job duties, denial of time off for medical appointments, termination, and refusal to reinstate/rehire.

57.     The foregoing described adverse employment actions were taken in part or in whole because of, and were casually linked to, Plaintiff's protected activities described above. In engaging in the aforementioned conduct, said Defendants, and each of them, aided, abetted, incited, compelled and/or coerced unlawful employment practices in violation of the FEHA and the announced policy of this State against such practices.

58.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

59.     These acts of Defendants, including by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

## SIXTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation

### (Gov't Code § 12940(k))

### (Against All Defendants)

60.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

61.     Plaintiff was subjected to discrimination and retaliation in the course of his employment with Defendants.  Defendants failed to take all reasonable steps necessary to prevent and/or remedy discrimination and retaliation in employment from occurring. Defendants knew or should have known of the circumstances and conduct described herein related to, among others, Plaintiff's wife's medical conditions/disabilities, his age, and his protected activities, yet failed to conduct an adequate investigation into the nature and substance of the discrimination/ retaliation and failed to take immediate and appropriate corrective action and to discipline any of the offenders.

62.     The response of Defendants and their agents and employees to that knowledge was so inadequate as to establish deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between Defendants' inaction and the injuries suffered by Plaintiff.

63.     By failing to take all reasonable steps necessary to prevent discrimination, harassment and/or retaliation and by failing to properly investigate and remedy the discrimination, harassment and retaliation that occurred, Defendants committed unlawful employment practices as described and prohibited under Government Code § 12940(k).

64.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in

1   causing that harm.  In addition, Defendants, and each of them, are responsible for interest,

2   penalties, costs, and attorney fees related to this cause of action.

3        65.    These acts of Defendants, including by and through their managing agents,

4   officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and

5   intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of

6   Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression

7   within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants,

8   and each of them, in order to deter them from similar conduct in the future.

9   **SEVENTH CAUSE OF ACTION**

10  **Interference in Violation of the CFRA (Gov't Code § 12945.2)**

11  **(Against All Defendants)**

12       66.    Plaintiff hereby repeats, realleges, and incorporates by this reference each and

13  every allegation from each and every paragraph before and after this paragraph as though said

14  paragraphs were set forth in full herein.

15       67.    Plaintiff was qualified for protection and was eligible for medical leave under the

16  California Family Rights Act ("CFRA"), California Government Code section 12945.2.

17  Defendants were an employer covered by CFRA and employed 50 or more employees within

18  75 miles of Plaintiff's workplace.  Plaintiff had worked for Defendants for more than twelve

19  months and had worked at least 1,250 hours for Defendants in the preceding twelve months.

20       68.    During his employment by Defendants, Plaintiff provided reasonable notice that

21  he needed to take protected medical leave to care for his spouse who had a serious health

22  condition(s) including Alzheimer's and Parkinson's diseases.

23       69.    Contrary to their duties and in violation of Plaintiff's rights under the CFRA,

24  Defendants refused to grant Plaintiff the full amount of protected medical leave with a

25  guarantee of reinstatement or time off to go to healthcare appointments.  To the contrary, the

26  Defendants refused to reinstate Plaintiff to his original job and terminated his employment

27  instead.  Defendants thereby interfered with Plaintiff's taking of CFRA leave, and Plaintiff's

28  request for leave under CFRA was a substantial motivating reason for terminating Plaintiff.

70.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

71.     These acts of Defendants, including by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

### EIGHTH CAUSE OF ACTION

**Retaliation in Violation of the CFRA (Gov't Code § 12945.2)**

**(Against All Defendants)**

72.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

73.     Plaintiff was qualified for protection and was eligible for medical leave under the California Family Rights Act ("CFRA"), California Government Code section 12945.2. Defendants were an employer covered by CFRA.

74.     During his employment by Defendants, Plaintiff requested to take protected medical leave to care for his spouse who had a serious health condition(s) including Alzheimer's and Parkinson's diseases.

75.     For requesting medical leave and exercising his rights under the CFRA, Defendants retaliated against Plaintiff, by, among other things, refusing to return Plaintiff to his regular job duties and terminating his employment.  Plaintiff's request for CFRA leave and

taking of intermittent CFRA leave were substantial motivating reasons for Defendants adverse actions against Plaintiff.

76.     A sufficient causal nexus existed between Plaintiff's protected activities and Defendants' conduct, and Plaintiff's protected activities were a substantial motivating reason for Defendants' conduct.

77.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

78.     These acts of Defendants, including by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

**NINTH CAUSE OF ACTION**

**Retaliation in Violation of Labor Code § 1102.5**

**(Against All Defendants)**

79.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

80.     Plaintiff was an employee of Defendants when he reported and refused to participate in various unlawful activities by Goodyear personnel to Goodyear and/or its managers who had authority over Plaintiff and to other Goodyear personnel and/or agents with authority to investigate, discover or correct legal violations.  The violations that Plaintiff reported included without limitation, siphoning revenues and overcharging expenses to increase

company revenues at the expense of district and store manager compensation, and thereby stealing from employees, engaging in fraud, and committing other violations of local, state, and/or federal laws, rules, or regulations.

81.     Plaintiff had reasonable cause to believe that the conduct he reported constituted a violation of or noncompliance with local/state/federal rules or regulations.  The violations Plaintiff reported were a contributing factor in Defendants' decision to terminate Plaintiff's employment.

82.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

83.     These acts of Defendants, including by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

## TENTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

84.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

85.     At all relevant times, Defendants employed Plaintiff.  Defendants discharged Plaintiff.  Plaintiff's age, his request for leave to care for his wife's disability(ies)/serious medical condition(s), his opposition and complaints about the discrimination and CFRA leave

17

**COMPLAINT**

interference he was discriminating, his complaints about the siphoning of revenues from Goodyear districts/stores and overcharging Goodyear districts/stores for expenses, which reduced manager compensation were combined or individually substantial motivating reason(s) for Plaintiff's termination.

86.    Plaintiff was protected from the adverse employment actions by the fundamental public policies of the State of California, including, by way of example only, and without limitation:  the right to employment free from discrimination, retaliation, and harassment related to medical condition or disability; the right to reasonable accommodations in employment for medical conditions and disabilities; the right to request and take protected medical leave and to have requested leave designated protected medical leave by one's employer; the right to be reinstated at the conclusion of medical leave and the right to employment free of retaliation for complaining about or refusing to participate in an employer's illegal activities.  Each of these fundamental public policies inures to the benefit of the public and not just the private interests of the employer and employee.

87.    Defendants carried out adverse employment actions against Plaintiff, including but not limited to unwarranted criticism, increased scrutiny, disciplinary action, disparagement, refusal to grant medical leave or accommodation, and ultimately termination of employment as set forth above.

88.    Plaintiff's protected activities and/or characteristics as described herein were a substantial motivating reason for Defendants carrying out the adverse employment actions, and a casual nexus existed between the conduct of Defendants and Plaintiff's protected activities and/or characteristics.

89.    The conduct of Defendants constituted adverse employment actions against Plaintiff that were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives, and policies.  The laws that establish these fundamental public policies, include by way of example only, and without limitation:  The Fair Employment and Housing Act, Government Code section 12900 et seq. (prohibiting discrimination and harassment on account of disability or medical condition,

requiring that employers provide reasonable accommodation for medical conditions and disabilities of employees and their spouses, requiring that employers engage in timely, good-faith interactive processes with employees with employees who request time off to care for the disabilities or medical conditions of a spouse; and requiring employers to prevent discrimination, harassment, and retaliation); and the California Family Rights Act, Government Code section 12945.2 (requiring employers to provide protected medical leave with guaranteed reinstatement and prohibiting retaliation for exercising those rights) as well as the California Labor Code section 1102.5 for employees who report or refuse to engage in an employer's illegal activities and other sections of the California Labor Code.  These statutes are not the entire universe of statutes that embody the public policies at issue here, but are merely representative and illustrative examples of such statutes, and Plaintiff expressly reserves the right to rely on and assert other statutes that embody these same or similar public policies as the basis for this claim.

90.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which he is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, and costs related to this cause of action.

91.     These acts of Defendants, including by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's rights.  Such acts were despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter them from similar conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants Goodyear, and Does 1 through 20, inclusive, and each of them, as follows:

1. For actual, consequential and incidental losses and economic and non-economic damages, including, but not limited to, all loss of salaries and earnings capacity, lost bonuses and lost opportunities to receive future bonuses, loss of fringe benefits, reduced retirement benefits, in an amount to be determined at trial;

2. For mental and emotional distress damages, consisting of special damages according to proof, and general damages;

3. For injunctive relief and declaratory relief, reinstatement and backpay;

4. For punitive and exemplary damages;

5. For prejudgment and post-judgment interest on the foregoing at the legal rate as available by law;

6. For applicable penalties as provided by law;

7. For reasonable attorney fees imposed by statutes cited herein and any other governing fee-setting authorities on all applicable causes of action;

8. For costs of suit incurred herein;

9. For such relief as the Court may deem appropriate.


Dated:  December 17, 2021                    ALEXANDER MORRISON + FEHR LLP
                                             LAW OFFICES OF G. SAMUEL CLEAVER

                                             By:  ___/s/ Tracy L. Fehr_____
                                             G. Samuel Cleaver
                                             Tracy L. Fehr
                                             Attorneys for Plaintiff
                                             Michael Sherlock

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff Michael Sherlock hereby demands a jury trial on all causes of action.

3

4

Dated:  December 17, 2021

5

ALEXANDER MORRISON + FEHR LLP
LAW OFFICES OF G. SAMUEL CLEAVER

6

7

By:  ____/s/ Tracy L. Fehr_____

8

G. Samuel Cleaver
Tracy L. Fehr

9

Attorneys for Plaintiffs
Michael Sherlock

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2021 06:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Tracy L. Fehr (SBN 239005) | John L. Schwab (SBN 307599)
Alexander, Morrison + Fehr LLP; 1900 Avenue of the Stars, #900, Los Angeles,CA 90067

TELEPHONE NO.: (310) 394-0888    FAX NO. (Optional): (310) 394-0811
E-MAIL ADDRESS: tfehr@amfllp.com | jschwab@amfllp.com
ATTORNEY FOR (Name): Plaintiff MICHAEL SHERLOCK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Michael Sherlock v. The Goodyear Tire & Rubber Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21STCV46155 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 10: Disability & Age Discrim.; Fail. to Accom.; Fail. to Prevent.; Retal.;Wrong. Term
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: December 17, 2021
Tracy L. Fehr
_____ ▶ _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                              CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE Sherlock v. The Goodyear Tire & Rubber Company, et al. | CASE NUMBER 21STCV46155 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Sherlock v. The Goodyear Tire & Rubber Company, et al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1(2)3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Sherlock v. The Goodyear Tire & Rubber Company, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Sherlock v. The Goodyear Tire & Rubber Company, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | 425 S. Central Ave. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Glendale | CA | 91204 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 17, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2021 06:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:22-cv-00426-SVW-AFM   Document 1-1  Filed 01/20/22   Page 30 of 30   Page ID #:42
21STCV46155

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE GOODYEAR TIRE & RUBBER COMPANY, a California Corporation, and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL SHERLOCK, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):* **21STCV46155** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tracy L. Fehr, AMF, 1900 Avenue of the Stars, Suite 900, Los Angeles, California 90067; (310) 394-0888

| DATE: *(Fecha)* 12/17/2021 | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by *(Secretario)* Y. Tarasyuk | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
             ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov