Tracy L. Fehr (SBN 239005)
tfehr@amfllp.com
John Schwab (SBN 307599)
jschwab@amfllp.com
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Ste 900
Los Angeles, CA 90067
Telephone: (310) 394-0888
Facsimile: (310) 394-0811

**LAW OFFICES OF G. SAMUEL CLEAVER**
G. SAMUEL CLEAVER (State Bar No. 245717)
3660 Wilshire Boulevard, Suite 922
Los Angeles, CA 90010
Tel: 213.568.4088
Fax: 213.568.4105
Email: sam@gscleaverlaw.com

Attorneys for Plaintiff
MICHAEL SHERLOCK

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL SHERLOCK, an individual;<br><br>Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY., a California corporation and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-00426-SVW-AFM)<br><br>[Hon. Alexander F. MacKinnon Crtrm 780]<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING DISCOVERY DISPUTE**<br><br>Hrg. Date:  April 26, 2022<br>Time:  10:00 a.m.<br>Ctrm: 780, 7th Floor<br>Discovery Cut-Off:  No Date Set<br>FPTC:  June 6, 2022<br>Trial:  June 14, 2022 |

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

# TABLE OF CONTENTS

**Page**

## Contents

I.      INTRODUCTORY STATEMENTS ............................................................... 1

    A.      Plaintiff's Introduction .................................................................. 1

        1.      Procedural History .......................................................... 2

        2.      Efforts to Meet and Confer .............................................. 3

    B.      Defendants' Introduction ............................................................. 4

II.     INTERROGATORIES ................................................................................ 5

    A.      Interrogatory No. 2 ...................................................................... 5

        1.      Plaintiff's Position .......................................................... 7

        2.      Defendant's Position ....................................................... 8

    B.      Interrogatory No. 5 ...................................................................... 8

        1.      Plaintiff's Position .......................................................... 9

        2.      Defendant's Position ..................................................... 11

III.    REQUESTS FOR PRODUCTION ............................................................ 12

    A.      Definitions ................................................................................. 12

    B.      Request No. 58: Employee Handbook ........................................ 14

        1.      Plaintiff's Position ........................................................ 15

        2.      Defendant's Position ..................................................... 15

    C.      Request Nos. 85-96: Communications that Mention or Refer to Plaintiff ..................................................................................... 16

        1.      Plaintiff's Position ........................................................ 24

        2.      Defendant's Position ..................................................... 26

    D.      Request Nos. 80-84: Plaintiff's Communications ...................... 27

        1.      Plaintiff's Position ........................................................ 30

        2.      Defendant's Position ..................................................... 31

i

E.    Request Nos. 16, 30-32: Investigation of Plaintiff and His Claims.........32

    1.    Plaintiff's Position ........................................................35

    2.    Defendant's Position......................................................36

F.    Request Nos. 36-38, 43, 48, 50-51, 53-55: Job Performance Metrics.....36

    1.    Plaintiff's Position ........................................................43

    2.    Defendant's Position......................................................45

G.    Request Nos. 39-42: Bonus Plan Related Documents ...........................46

    1.    Plaintiff's Position ........................................................48

    2.    Defendant's Position......................................................49

H.    Request Nos. 46-47: Scrap Tire Fees ...............................................50

    1.    Plaintiff's Position ........................................................51

    2.    Defendant's Position......................................................51

I.    Request Nos. 56-57, 59: Policies and Procedures................................52

    1.    Plaintiff's Position ........................................................54

    2.    Defendant's Position......................................................55

J.    Request Nos. 23, 27, 67, 69: Failure to Produce Documents .................55

    1.    Plaintiff's Position ........................................................57

    2.    Defendant's Position......................................................58

K.    Request Nos 2-5, 8, 10, 11-15, 17-19, 21-22, 24, 28-29, 49, 59, 64-66, 68, 70-71, 73-79, 97, 102: Failure to State Whether Documents Have Been Withheld Subject to Objection .............................................59

    1.    Plaintiff's Position ........................................................88

    2.    Defendant's Position......................................................89

ii

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

**JOINT STATEMENT**

Pursuant to Local Rule 37-2, Plaintiff Michael Sherlock ("Plaintiff") and Defendant Goodyear Tire & Rubber Company ("Defendant" or "Goodyear") by and through their respective counsel of record, submit their Joint Stipulation Regarding Discovery Dispute. This stipulation is made following the conference of the Parties pursuant to Local Rule 37-1 on March 25, 2022.

## I.    INTRODUCTORY STATEMENTS

### A.    Plaintiff's Introduction

Plaintiff brings multiple claims arising from his termination after more than three decades of service to Defendant and three days after Plaintiff requested leave to care for his wife who was suffering from Alzheimer's and Parkinson's Disease.  Plaintiff was a district manager who oversaw 22 of Defendant's Just Tires retail stores in Southern California.   Plaintiff brings claims against Defendant under the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12900, et seq., the California Family Rights Act ("CFRA"), California Government Code § 12945, *et seq*. and for retaliation in violation of California Labor Code § 1102.5. Plaintiff's claims include: age and disability discrimination, whistle-blower retaliation, and interference with his CFRA protected leave rights.  (Cleaver Decl. Ex. 7.)

Plaintiff seek the Court's assistance in compelling Defendants to compel further responses to two interrogatories and several categories of documents requests.  The interrogatories seek, among other information, the ages Plaintiff's comparator employees and the ages of the persons who participated in the decision to terminate Plaintiff's employment.

The categories of documents Plaintiff's seeks include:

1) Documents related to job performance metrics (e.g. tire sales, labor costs, etc.) that Goodyear tracked and used to rank the performance of Plaintiff's district against other Goodyear districts. (RFP Nos. 36-38, 43, 48, 50-51, 53-55.)

2) Documents related to the administrative retail district that Plaintiff alleges Defendant established to siphon revenue from its other retail districts and decrease store and district manager bonuses.  Plaintiff alleges that Defendant retaliated against him after he complained to his supervisors about the district.  The documents Plaintiff seeks include the operating statements for the retail district. (RFP 38-42, 46-47.)

3) Defendant's policies relating to medical leaves, disability discrimination, disability accommodations and the interactive process. (RFP's 56-57, 59.)

4) Communications by 11 person(s) that mention or refer to Plaintiff.  (RFP's 85-96.)  These include the four persons identified by Defendant as participants in the decision to terminate Plaintiff, supervisors and HR personnel who sent, received, or were copied on Plaintiff's requests for leave to care for his wife, and supervisors and HR personnel to whom Plaintiff complained of Defendant's discrimination and retaliation.  Plaintiff also seeks the e-mails he sent or received as well as e-mails relating to his job performance, leave(s) of absence, termination, among others.  (RFP's 66-67, 69, 80-84.)

Equally important, Defendant has refused to follow the directive in Fed. R. Civ. P. 34(b)(2)(B) and (C), which require Defendant to clearly state whether it will produce responsive documents and whether it is withholding responsive documents subject to any objection.  The information is critically important in this case where, as explained below, the Court has set a highly compressed schedule.  Plaintiff needs to know now whether responsive documents have been withheld so that he can determine whether to compel their production before trial.  For these reasons and the others stated below, Plaintiff's motion should be granted.

## 1.    Procedural History

Plaintiff Michael Sherlock filed his Complaint against Defendant Goodyear Tire & Rubber Company ("Goodyear" or "Defendant") in Los Angeles County Superior Court on December 17, 2021.  Defendant removed the case to federal court on January 20, 2022.  On February 23, 2022, the Court entered its Civil Trial Preparation Order,

setting the first day of trial for June 14, 2022, which is 145 days after removal. (Cleaver Decl. ¶ 3, Ex. 1.)  Accordingly, the parties have a short time to engage in discovery and prepare for trial.  On March 21, 2022, the Court entered the Joint Stipulated Protective Order in this matter. (DE 16.)

### 2. Efforts to Meet and Confer

Plaintiff met and conferred with Defendants concerning their interrogatory and RFP responses by letter on March 15, 2022.  Plaintiff's counsel attempted to schedule an early telephonic meet and confer with Defendant's counsel to discuss Plaintiff's March 15 letter, but Defendant's counsel was unable to meet until March 25, which was the LR 37-1 deadline to meet and confer.  (Cleaver Decl. ¶ 5, Ex. 4.)

Counsel for the parties met and conferred telephonically pursuant to LR 37-1 for over an hour on March 25, 2022.  The parties were able to resolve several of the concerns raised in Plaintiff's March 15 letter.  However, for many of the issues raised, Defendant's counsel were only able to agree to discuss the issue with Defendant and meet and confer further on a later date.  This is not enough.  The parties are less than three months from trial and Defendant has produced only a handful of e-mails from Plaintiff's employment, no policies related to key issues in this matter such as Defendant's disability accommodation and protected leave policies, and no documents related to the performance of Plaintiff's retail sales district among others.  Plaintiff is willing to continue to meet and confer on the requests covered by this motion.  But given the compressed time frame in this case, and Defendant's lack of progress on producing documents, Plaintiff has no choice but to act now to preserve his discovery rights.  If the parties are able to resolve their differences on any issues before the hearing date, Plaintiff will notify the Court.

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

## B.  Defendants' Introduction

Although Defendant provided compliant responses and documents, and even agreed to further meet and confer on further responses and documents, Plaintiff prematurely filed this motion to force the Parties to spend more time on motion practice instead of the actual discovery he seeks.  Further, Plaintiff uses this improper motion as a method to "educate" the Court about his incorrect version of the facts.  In fact, as documents already produced clearly show, Defendant made the decision to eliminate Plaintiff's position and terminate his employment in January 2020 ***prior to*** his request for leave to take care of his disabled wife and ***prior to*** any alleged complaints.  Defendant only extended his employment to May 2020 in order to grant him an almost four month paid leave of absence.  This is a simple case and Plaintiff's attempt to complicate the explanation of the facts to ignore his extensive performance issues and try to justify his overbroad discovery requests is unavailing.

Plaintiff spends much of his motion trying to justify overbroad and overly burdensome discovery requests by relying on his conspiracy theory that was a "phantom district" implemented to steal money from his district and reduce his pay when there is no evidence that this occurred – as none exists.  (*See* Declaration of Alan Joiner ("Joiner Dec."), ¶ 4.)  This was specifically at issue in his Requests Nos. 38, 46 and 47, but also used as an argument in many other requests, and does not justify any such document requests.

Plaintiff's other requests are overbroad and seek documents that are clearly irrelevant to his case, including:

1) Broad categories of documents related to job performance metrics ***for all district managers in the entire country for over six years (including two years when Plaintiff was no longer employed)***. (RFPs 36-38, 43, 48, 50-51, 53-55.)

2) Emails, letters and other communications even tangentially mentioning Plaintiff for over a six year period in the email boxes of 11 individuals (and *all* emails

to/from Plaintiff) **with anyone on any topic**, without any application to the claims and allegations in this case, despite Defendant's counsel's request for search terms to narrow the requests. (RFPs 80-84, 85-96.)

3) Bonus plans for *positions Plaintiff was never in* and, even more egregiously, bonus *payouts* for all store managers, general managers and district managers **throughout the entire country for over six years (including two years when Plaintiff was no longer employed)**. (RFPs 39-42.)

3) An employee handbook that he assumes exists, despite Defendant's counsel's explanation that there is no other handbook applicable to Plaintiff's employment. (RFP 58.) (Joiner Decl. ¶ 3.)

As for other interrogatories and requests, Plaintiff's counsel only recently clarified what he was seeking during the meet and confer process and never provided time for further meet and confer efforts, *as Defendant's counsel requested,* instead sending this joint stipulation *only one business day later.* (*See* Declaration of Sarah E. Ross ("Ross Decl.") ¶¶ 2-13.) Regardless, Defendant has agreed to supplement all interrogatories at issue and almost all of the requests for production at issue, which they would have done prior to motion practice if Plaintiff had continued the meet and confer discussion instead of prematurely ending the meet and confer process and immediately sending this joint stipulation.

## II.    INTERROGATORIES

### A.    Interrogatory No. 2[1]

**<u>INTERROGATORY NO. 2:</u>**

---

[1] Plaintiff's Interrogatories to Defendant, Set One and Defendant's responses are Ex. 2 to the Cleaver Declaration.

IDENTIFY each and every person who had any input into or participated in any way in any decision related to PLAINTIFF's TERMINATION (including whether to terminate PLAINTIFF's employment, including but not limited to those who made the actual decision and those who, directly or indirectly, supplied information to the decision-makers.) ("IDENTIFY" or "IDENTIFYING" means: (a) with respect to an individual, state the person's name, **date of birth**, job title at the time in question, employer and business address and telephone at the time in question, employer and business address and telephone at the time in question and dates of employment (if an employee of YOURS), and current or last known employer, business address, and home address and telephone; (b) with respect to a company, state the name of the company, the place of incorporation of the company, and the address of the company's principal place of business; (c) with respect to a DOCUMENT, state the names of the author or creator and the addressee, the subject matter or title, the date of the DOCUMENT, its present location AND custodian, and, if the DOCUMENT is an insurance policy or cover note, the policy number or cover note number; (d) with respect to a meeting, state the date, location, and subject matter of the meeting or complaint, and IDENTIFY the participants in the meeting; (e) with respect to an insurance claim, or notice of potential claim, state the identity of the policyholder; (f) with respect to a complaint, state the date, location, form (e.g. oral or written) and subject matter of the complaint, and IDENTIFY the participants in the meeting; and (g) with respect to a lawsuit, state the names of the parties, docket number, court, and the current status of the litigation.)

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this interrogatory on the grounds that the terms "participated" and "in the decision to terminate" are overly broad and, therefore, seeks information that is neither relevant to

this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory on the grounds and to the extent that it seeks information protected by third parties' constitutional, statutory, and/or common law rights to privacy. Defendant also objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Chris Campbell; Kim Ladouceur; Chastity Duskey; and Alan Joiner. The aforementioned individuals can be contacted through Defendant's counsel of record. Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

### 1. Plaintiff's Position

Defendant's response identifies four persons who participated in the decision to terminate Plaintiff but fails to identify their job titles or their ages. The job titles of the persons who participated in the decision to terminate Plaintiff are key evidence for all his claims including his damages. For instance, job titles could provide evidence that managing agents participated in the decision to terminate Plaintiff, which is one of the elements of Plaintiff's punitive damages claim.

Additionally, Plaintiff brings an age discrimination claim. The ages of the persons who participated in the decision to terminate Plaintiff are relevant circumstantial evidence that Plaintiff was subject to age discrimination, especially as Plaintiff expects Defendant to defend his age discrimination claim by asserting that the decision makers for Plaintiff's termination were over forty years old. *Richter v. Hook-SupeRx, Inc.*, 142 F.3d 1024, 1032 (7th Cir. 1998) (age of decision-makers relevant to age discrimination claims).

To the extent that Defendant claims that it has third-party privacy concerns, Defendant can designate the ages of the persons identified as information subject to the terms of the Protective Order in this matter.  (DE 16.)

### 2.    Defendant's Position

Defendant's counsel indicated on the meet and confer call with Plaintiff's counsel that they would agree to provide the job titles, so there was no basis to include that in any motion.  (Ross Decl. ¶ 12.)  As for the ages of the decision-makers, Plaintiff has not cited to any 9th Circuit or California authority on this basis – but Defendant's counsel informed Plaintiff's counsel that they would look into this issue further. In fact, the one case Plaintiff cited to, *Richter v. Hook-SupeRx, Inc.,* 142 F3d 1024, 1032 (7th Cir. 1998) did not order production of the ages of decision-makers.   It only found that the *defendant's* arguments that the decisionmakers were also over age 40 was "significant" (it made no such finding that the ages of decisionmakers would be in favor of the plaintiff).  *Id.*  That is also the case here and while not required, Defendant will agree to provide both the job titles (as already agreed) and the birthdates of the decisionmakers as CONFIDENTIAL under the Protective Order in this matter.


### B.    Interrogatory No. 5
### <u>INTERROGATORY NO. 5:</u>

IDENTIFY (including date of birth)[2] the district managers for YOUR RETAIL DISTRICTS from January 1, 2016 to the present. ("RETAIL DISTRICT(S)" means the districts in YOUR Retail Division.)

---

[2] As stated in Interrogatory No. 2 above: "IDENTIFY" or "IDENTIFYING" means: (a) with respect to an individual, state the person's name, date of birth, job title at the time in question, employer and business address and telephone at the time in question, employer and business address and telephone at the time in question and dates of employment (if an employee of YOURS), and current or last known employer, business address, and home address and telephone

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, unduly burdensome and not proportional to the needs of this case, oppressive, and harassing. Defendant further objects to this request insofar as it seeks confidential and/or proprietary information. Defendant also objects to this interrogatory on the grounds and to the extent that it seeks information protected by third parties' constitutional, statutory, and/or common law rights to privacy.

### 1.     Plaintiff's Position

This interrogatory seeks the identities of the district managers for Defendant's retail stores districts from January 1, 2016 to the present.  The information sought includes the district manager names, contact information, dates of birth and employment status with Defendants.  The information is relevant to Plaintiff's claims for multiple reasons.

The district managers are comparative employees for Plaintiff.  They all held the same position with the same job responsibilities as Plaintiff.  Approximately half of them had the same direct supervisor, Alan Joiner, as Plaintiff.  They all had the same second-level supervisor, Chris Campbell, as Plaintiff. (Sherlock Decl. ¶ 2).  The performance of the districts was ranked together. (Sherlock Decl. ¶ 3.)

The treatment of Plaintiff's comparator employees is relevant evidence to his discrimination and retaliation claims.  For example, evidence of a "pattern of firing and demoting so many older workers and replacing them with younger workers, by the relevant decision-maker during the same time period, constitutes probative circumstantial evidence of age discrimination." *Damon v. Fleming Supermarkets Of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999; *see Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) ("Evidence of [defendant's] sexual harassment of other female

workers may be used, however, to prove his motive or intent in discharging [plaintiff].")).  Defendant's stated reason for terminating Plaintiff was in part because of his "years of serious performance issues."  (Cleaver Decl., Ex. 2, p. 4.)  The age of the other district managers is relevant to whether younger managers with comparative or worse performance results were treated more favorably than he was. *See Jones v. Johnson*, 801 Fed. App'x 338, 349-350 (6th Cir. 2020) (overturning summary judgment for Defendant because Plaintiff was not allowed to conduct discovery on potential comparator employees); *see also Hung Nguyen v. Regents of the Univ. or California*, 2018 WL 6112615 at \*\*6-7 (ordering defendant to produce files of alleged comparator faculty members under review for tenure so plaintiff could discover if they were similarly situated to and treated more favorably than plaintiff).

The other district managers are also potential prescient witnesses both, as noted above, to similar unlawful conduct they suffered as well as witnesses to the unlawful conduct Plaintiff suffered.  "The disclosure of the names and addresses of potential witnesses is a routine and essential part of pre-trial discovery." *People v. Dixon*, 148 Cal. App. 4th 414, 442 (2007).  "Contacting witnesses is a routine and necessary part of the discovery process and often leads to valuable evidence." *Tomanovich v. Autumn Glen,* 2002 WL 1858795 at \*4 (S.D. Ind. Aug. 13, 2002).  Discovery of the identity of other district managers may lead to the discovery of other instances of discrimination or retaliation by the same or other decision-makers. *Johnson v. United Cerebral Palsy/Spastic Children's Foundation*, 173 Cal. App. 4th 740, 767 ("me too" evidence of discrimination suffered by other employees of defendant relevant "as a matter of law").

The interrogatory is not overbroad as to time.  Defendant terminated Plaintiff's employment in May 2020.  The interrogatory seeks information on comparator employees four years and four months before Plaintiff's termination and less than two

10

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

years after Plaintiff's termination.  Neither of these time periods is overbroad.  *See e.g.*
*Chamberlin v. Farmington Sav. Bank*, 247 F.R.D. 288, 291 (D. Conn. 2007).

The discovery is not overburdensome.  Plaintiff calculates that there were approximately 35 other district managers in Defendant's retail division. (Sherlock Decl. ¶ 2.)  Even taking into account some turnover, Plaintiff is seeking information concerning less than 100 employees.  Plaintiff is seeking only 4 data points concerning each manager: 1) name; 2) contact information; 3) date of birth; and 4) employment status with Defendant.  All this information is typically stored electronically and Defendant should be easily able to provide it.  The request is not overburdensome and Defendant has failed to make the required showing that it is. *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2005) (overruling burdensome objection because objecting party had failed to "particularize" the basis for the objection.)

To the extent that Defendant claims that it has third-party privacy concerns, Defendant can designate the information in the response as  subject to the terms of the Protective Order in this matter.  (DE 16.)

## 2.    Defendant's Position

Defendant's counsel indicated on the meet and confer call with Plaintiff's counsel that they would look into this issue further and respond, so there was no reason for Plaintiff to prematurely file this motion and waste the Court's time. (Ross Decl. ¶ 12.) This interrogatory seeks the names, contact information, birthdates and contact information for *all district managers **throughout the entire country**.*  In any event, Plaintiff has cited no authority requiring production of confidential and personal information of alleged comparators, such as their birthdates and contact information, let alone any 9th Circuit or California authority.  *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F. 3d 1354, 1361 (11th Cir. 1999) and *Heyne v. Caruso,* 69 F. 3d 1475, 1480 (9th Cir. 1995) do not have anything to do with discovery of such information.  While

*Jones v. Johnson,* 801 Fed. App'x 338, 349-350 (6th Cir. 2020) discussed discovery, it dealt with a deposition that the plaintiff was denied and *not* with the request for personal and confidential information like at issue here.  Similarly, *Hung Nguyen v. Regents of the Univ. or California*, 2018 WL 6112615 at **6-7 (C.D. Cal. 2018) also did not deal with the production of such information.

Likewise, Plaintiff's argument that these other district managers are "witnesses" entitling him to their names and contact information is unavailing.  He has pointed to no authority indicating that co-workers are automatically witnesses because they were in the same position as the plaintiff.

Although all of Plaintiff's arguments are unavailing, in order to avoid wasting the Court's time, Defendant will agree to provide the names, birthdates and employment statuses for the other district managers employed in the same South Region as Plaintiff from January 1, 2016 through December 31, 2019, as CONFIDENTIAL subject to the Protective Order in this action.  As Plaintiff's employment was set for termination in January 2020 and was only extended to May 2020 to allow him to take the leave of absence he requested after notification of his termination, 2020 performance metrics are not relevant for analyzing the basis of his termination.  (Joiner Decl. ¶¶ 5, 6.)  Further, as the South Region already covers half the country and is the relevant region for looking at any potential comparators, only production of information regarding South Region district managers is even remotely warranted here.  (Joiner Decl. ¶ 2.)

## III.   REQUESTS FOR PRODUCTION

### A.   Definitions[3]

"AOP" means Annual Operating Plan.

---

[3] Plaintiff's RFP's to Defendant, Set One and Defendant's responses are Ex. 3 to the Cleaver Declaration.

12

"COMMUNICATION(S)" means any conference or exchange of information between persons, including, but not limited to, letter, email, memorandum, text message, messaging app, direct messaging app, telegram or through any other DOCUMENT.

"COMPLAINT," as used in this request, means the Complaint on file in this action. If the Complaint has been amended, then "COMPLAINT" collectively refers to all versions of the Complaint (including amended versions). For example, if an inspection demand calls for "all emails about the COMPLAINT," and the Complaint in this action has been superseded by a First Amended Complaint, then "COMPLAINT" includes both the Complaint and the First Amended Complaint, and the inspection demand thus calls for all emails about the Complaint *and* all emails about the First Amended Complaint.

The terms "DEFENDANT" "YOU" or "YOUR" refer to Defendant Goodyear Tire & Rubber Company and its representatives, agents, officers, directors, attorneys, subsidiaries, dba's and any other person or entity under its control or acting on its behalf.

The term "DOCUMENT" has the same meaning as in Federal Rules of Civil Procedure 34(a), and includes electronic data, reports stored in SAP and/or other electronic systems, revisions, drafts, works in progress, preliminary work, and copies of the original. If a DOCUMENT is an electronic mail, text message, etc., the electronic mail should be produced in its original format so that any and all attachments to the electronic mail are produced and the entire chain of electronic mail communication is produced. If a DOCUMENT is an Excel Spreadsheet, it should be produced in its native electronic format.

"EMPLOY," "EMPLOYED," or "EMPLOYMENT" mean the time period that YOU employed PLAINTIFF or that YOU contend PLAINTIFF was an independent contractor providing services to YOU.

13

"PAY RECORDS" means all DOCUMENTS that evidence the information that would be communicated to employees with each of their wage payments, including but not limited to all records that must be maintained according to California Labor Code § 226.

The term "PERSONNEL FILE" includes any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of an employee, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential address and telephone numbers, termination notices, job assignments or classification records, compensation documents, and other similar records.  The term "PERSONNEL FILE" includes, but is not limited to, all writings within the meaning of Labor Code section 1198.5.

The term "PLAINTIFF" refers to the Plaintiff in this matter.

"RELATING," as used in this request, means evidencing, memorializing, referring, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, or otherwise relating to in any way, in whole or in part, the subject matter referred to in this request.

"RETAIL DISTRICT(S)" means the districts in YOUR Retail Division.

"RETAIL STORE(S)" means the Goodyear Stores and Just Tire Stores in YOUR Retail Division.

"TERMINATE," "TERMINATED," OR "TERMINATION" means an employee's separation from employment with YOU, regardless of reason or whether voluntary or involuntary, including whether the employee is fired, terminated, or discharged; laid off; voluntarily quits or resigns; mutually agrees to leave or end employment; or any other end of the employment relationship.

**B.**     **Request No. 58: Employee Handbook**

**REQUEST FOR PRODUCTION NO. 58:**

14

All employee handbooks that YOU issued to YOUR Retail Division employees from January 1, 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents.

Subject to and without waiving the foregoing, Defendant responds as follows: Defendant will produce the applicable Goodyear Business Conduct Manuals. Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

### 1.    Plaintiff's Position

Instead of producing the requested employee handbooks, Defendant has only produced Business Conduct Manuals.  The Business Conduct Manuals do not contain Defendant's policies on protected medical leaves or disability accommodations, which are both at issue in this case and are typically included in Employee Handbooks.  The Business Conduct Manuals also do not include any disciplinary policies, which are also at issue in this case due to Plaintiff's poor performance that Defendant alleges was the basis for his termination.  Plaintiff is willing to limit the timeframe of his request for documents to January 1, 2016 to the present.   The handbooks must be produced. *Shepard v. United Parcel Service, Inc.*, 2010 WL 11562047 at *3 (N.D. Ala. March 31, 2010) (compelling production of 7 years of Defendant's employee handbooks).

### 2.    Defendant's Position

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

As Defendant's counsel explained on the meet and confer conference with Plaintiff's counsel, there was no other "handbook" applicable to Plaintiff's employment other than Goodyear Business Conduct Manual that was already produced. (Ross Decl. ¶ 4.) The only other "handbook" Plaintiff referenced on the meet and confer call was a handbook that was not applicable to district managers like Plaintiff so it is not relevant here. (Joiner Decl. ¶ 3.) In any event, Defendant will supplement by producing other separate policies that fall outside of the Business Conduct Manual and were applicable to Plaintiff.

**C.    Request Nos. 85-96: Communications that Mention or Refer to Plaintiff**

**REQUEST FOR PRODUCTION NO. 85:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Chastity Duskey that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2011 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 86:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Gary VanderLind that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2011 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 87:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Kelly Loucks that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2011 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on

17

the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 88:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Breann Newell that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2011 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

1   that such documents are irrelevant and privileged and confidential under the
2   constitutional rights of privacy.

3   **REQUEST FOR PRODUCTION NO. 89:**

4       Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or
5   received by Kim Ladouceur that mention or refer or related to PLAINTIFF or any aspect
6   of PLAINTIFF's EMPLOYMENT from January 1, 2011 through the present.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

8       Defendant incorporates by reference each and every one of the objections set
9   forth in the General Objections into this response. Defendant objects to this request on
10  the grounds that it is overbroad in time and scope, burdensome, oppressive, and
11  harassing. Defendant also objects to this request to the extent that such documents are
12  neither relevant nor reasonably calculated to lead to the discovery of admissible
13  evidence. Defendant further objects to this request insofar as it seeks confidential and/or
14  proprietary documents. Defendant also objects to this request to the extent it seeks
15  documents that are privileged and confidential pursuant to the attorney-client privilege
16  and/or the attorney work-product doctrine, and/or concerns information obtained in
17  anticipation of litigation. Defendant objects to this request to the extent it seeks
18  documents regarding employees of Defendant and other third parties on the grounds
19  that such documents are irrelevant and privileged and confidential under the
20  constitutional rights of privacy.

21

22  **REQUEST FOR PRODUCTION NO. 90:**

23      Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or
24  received by Alan Joiner that mention or refer or related to PLAINTIFF or any aspect of
25  PLAINTIFF's EMPLOYMENT from January 1, 2016 through the present.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

27  Defendant incorporates by reference each and every one of the objections set forth in
28  the General Objections into this response. Defendant objects to this request on

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 91:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Fred Thomas that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2016 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 92:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Karen Vickerman that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2016 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 93:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Steve McCellum that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2016 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on

the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 94:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Chris Campbell that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2016 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 95:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Don Roseborough that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2016 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 96:**

Any and all COMMUNICATIONS (e-mails, texts, direct messages, etc.) sent or received by Richard Kramer that mention or refer or related to PLAINTIFF or any aspect of PLAINTIFF's EMPLOYMENT from January 1, 2016 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on

the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

### 1.    Plaintiff's Position

These requests seek communications concerning Plaintiff sent by 11 Goodyear employees from 2011 to present.  At the parties' March 25, 2022 telephonic meet and confer, Plaintiff stated he is willing to limit these requests to e-mail communications sent from January 1, 2016 to the present.  On March 25, Defendant's counsel could only commit to discussing production of documents with Defendant and meet and conferring again at some time later.

The document sought are relevant to Plaintiff's claims.  Four of the 11 persons Plaintiff seeks communications from are Alan Joiner, Plaintiff's direct supervisor, Chris Campbell, Plaintiff's second level supervisor, and HR managers Kim Ladouceur and Chastity Duskey.  Defendant identifies all four of these persons in its interrogatory responses as persons who participated in the decision to terminate Plaintiff.  Their e-mail correspondence concerning Plaintiff is highly relevant to his claims.  Joiner and Duskey were also copied on Plaintiff's correspondence concerning his protected leave request.  Defendant has already produced a handful for a self-serving e-mails between Joiner and Ladouceur regarding Plaintiff's alleged performance issues.  Goodyear

should not be allowed to cherry pick the e-mails it finds favorable and to deny Plaintiff access to any others.

Plaintiff also seeks Leave Analyst Breann Newell's communications. Plaintiff corresponded with Newell about his protected leave requests as well. Again, Goodyear has produced several e-mails from Newell the company apparently believes support its defenses while denying Plaintiff access to any others.

Don Rosenborough is the manager who Goodyear identified as taking over the management of the stores in Plaintiff's district after Goodyear removed him. Mr. Rosenborough's communications concerning Plaintiff are thus relevant to Plaintiff's claims and may lead to admissible evidence concerning the performance of Plaintiff's district and Goodyear's stated reasons for his termination. (Cleaver Decl., Ex. 2, p. 4.)

Gary VanderLind is Goodyear's Chief Human Resources Officer, Kelly Loucks is the Goodyear HR business partner who supported Plaintiff's district, and Karen Vickerman is a Goodyear HR vice-president. Plaintiff complained that he was suffering discrimination to VanderLind and Vickerman. Loucks as the HR business partner for Plaintiff's district would have supported the processing Plaintiff's and his requests for protected leave.

Fred Thomas is head of Goodyear's retail division and was Plaintiff's third level supervisor. In addition, to being in Plaintiff direct chain of command, Plaintiff also complained to Thomas about the unlawful conduct he was suffering. Thomas' communications concerning Plaintiff are relevant and may lead to the discovery of admissible evidence for these reasons.

Steve McCellum is President of Goodyear, Americas. Richard Kramer is the CEO of Goodyear. Plaintiff complained of discrimination and retaliation to McCellum and Kramer. Their communications concerning Plaintiff are relevant and may lead to the discovery of admissible evidence for this reason.

Defendant identifies "correspondence with the employees regarding the restructuring of the Southern California districts," as documents reviewed and considered when determining whether to terminate Plaintiff's employment. Presumably, that correspondence would have been by and between Defendant's retail division senior management and/or HR personnel from which Plaintiff seeks communications that reference him. Defendant also claims Plaintiff's position was eliminated because Defendant determined to consolidate Plaintiff's district with its other Southern California district. Defendant has produced no documentation to support its position. Presumably the documentation exists, including in communications among Defendants senior retail division management and HR personnel.

Plaintiff is only seeking communications from 11 persons who all may have relevant information concerning his claims. Communications are stored electronically. It should not be a hardship at all for Defendant to search the communications of 11 persons to produce documents that mention or refer to Plaintiff. The requests are not overburdensome, and Goodyear has failed to make the required showing that they are. Nagele, 193 F.R.D. at109 (overruling burdensome objection because objecting party had failed to "particularize" basis for objection). Defendant can produce privacy protected or privileged documents subject to the terms of the Protective Order entered in this matter. Defendant cannot refuse to produce documents on privacy or privilege grounds.

### 2. Defendant's Position

As Defendant's counsel explained on the meet and confer conference with Plaintiff's counsel, these requests are grossly overbroad as they request *all communications ("e-mails, texts, direct messages, etc.") even referencing Plaintiff* sent/received by 11 individuals for over 11 years. (Ross Decl. ¶ 5.) Even the "limitation" from January 1, 2016 is still over six years of requested communications

without any limitation to documents actually relevant to this case. On the call, Defendant's counsel indicated they would need to discuss search terms to provide more specifics for searching through such documents, in addition to clarifying what communications he was seeking. (*Id.*) Instead of sending over proposed search terms for an e-mail search to clarify what Plaintiff is seeking by these requests, Plaintiff prematurely filed this motion. (*Id.*)

Other than referencing specific instances where he thinks these 11 individuals *may* have been involved in his employment, he provides no argument and no authority for why such specific instances justify the production of *all* emails referencing Plaintiff for more than six years. In fact, for many of the individuals, Plaintiff's only argument for why *all* of their emails are relevant is his argument that he sent them complaints (*after* he was notified of his termination). (Joiner Decl. ¶ 5.) The reference to "correspondence with the employees regarding the restructuring of the Southern California districts" as noted by Defendant in its discovery responses, is a red herring as that refers to a document sent to employees about the restructuring that was *already produced* and not to the extensive emails Plaintiff is seeking here. (Ross Decl. ¶ 15.)

Plaintiff's argument focuses on his *assumption* of what emails he think must exist, which is insufficient to justify an intrusion into 6 years of emails for 11 employees. Regardless, Defendant is not refusing to produce emails, but is simply requesting that Plaintiff provide search terms to narrow this grossly overbroad request, as Defendant's counsel previously requested during the meet and confer process.

**D.     Request Nos. 80-84: Plaintiff's Communications**

**REQUEST FOR PRODUCTION NO. 80:**

Any and all electronic mail sent or authored by PLAINTIFF while EMPLOYED by YOU from January 1, 2016, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 81:**

Any and all electronic mail received by PLAINTIFF while EMPLOYED by YOU from January 1, 2016, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 82:**

Any and all electronic mail RELATING or pertaining to PLAINTIFF's EMPLOYMENT by YOU, including but not limited to any and all electronic mail

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

RELATING to PLAINTIFF's job performance, leave(s) of absence, TERMINATION, disabilities, ability to do his job, etc. from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant objects that this request assumes facts not in evidence. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney workproduct doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects that this request calls for a legal conclusion.

**REQUEST FOR PRODUCTION NO. 83:**

Any and all DOCUMENTS, including but not limited to letters and electronic mail, sent by PLAINTIFF to YOU from January 1, 2016, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or

proprietary documents. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 84:**

Any and all DOCUMENTS, including but not limited to letters and electronic mail, sent by YOU to PLAINTIFF from January 1, 2016, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. . Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

### 1.     Plaintiff's Position

Plaintiff's communications with Defendant are clearly relevant to his claims.  His communications will have relevant information, among others, concerning the performance of his district, his requests for protected leave, and his complaints to Goodyear of unlawful conduct.  Goodyear has produced several e-mails from Plaintiff that the company apparently feels supports its defenses and yet has denied Plaintiff the ability to discover any others.  The requests are not overbroad as to time as Plaintiff limits them to January 1, 2016 to the present.  Defendant objects that the requests are overburdensome but has failed to make any showing concerning the burden of

producing the requested documents.  Defendant has not provided information on the size of the potential production or how long it would take to assemble the production or suggested any ways to limit the scope of the production to reduce the burden.  To the extent Defendant has business confidentiality or third-party privacy concerns about producing the documents, Plaintiff is willing to enter into agreed upon protective order. Defendant can produce the documents subject to the order's terms if it chooses. Defendant has further made no showing that any third-party privacy concerns exist. Defendant must produce these relevant documents.

At the parties' March 25, 2022 telephonic meet and confer, Plaintiff's counsel and Defendant's counsel agreed to meet and confer further on potential search terms for Plaintiff's e-mails.  However, given the compressed discovery time frame for this case, the fact that Defendant did not meet and confer until on the last possible day per LR 37-1 and the fact that it does not appear that Defendant has even begun to search for the requested e-mails, Plaintiff has no choice but to seek to compel these documents to preserve his discovery rights.  If Defendant is able to produce all responsive documents before the hearing date, Plaintiff will withdraw notify the Court.

## 2.    Defendant's Position

As Defendant's counsel explained on the meet and confer conference with Plaintiff's counsel, these requests are grossly overbroad as they request *all emails or letters to or from Plaintiff* at any time on any topic for over four years.  (Ross Decl. ¶ 5.)  There is *no limitation* to anything relevant to this case.  On the call, Defendant's counsel indicated they would need to discuss search terms to provide more specifics for searching through such emails. (*Id.*) Instead of sending over proposed search terms to clarify what Plaintiff is seeking by these requests, Plaintiff prematurely filed this motion. (*Id.*)

Plaintiff has provided no argument or authority regarding why all emails/letters to/from him since January 2016 are relevant without specific search terms and even

admits that the Parties discussed such terms on their meet and confer conference but that he chose to file this motion instead of sending proposed search terms.

### E.      Request Nos. 16, 30-32: Investigation of Plaintiff and His Claims

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING to any investigation of PLAINTIFF's conduct or job performance (whether formal or informal, including just "looking into" PLAINTIFF's conduct or job performance), from January 1, 2011, through his TERMINATION, including but not limited to emails, notes, memoranda, meeting minutes, investigation documents, investigation files, investigation reports, witness statements (written or oral, including any recordings).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request seeks an extraordinary amount of documents such as all charges, interviews, conclusions, findings, statements, written declarations, written statements, reports, and any other "investigations." Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "any investigation." Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Additionally, Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the

32

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that reflect any investigation by YOU of any complaints made by PLAINTIFF to YOU regarding discrimination, harassment, or retaliation or of any other law(s) or your ethics or compliance policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the terms "investigation" and "complaints." Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant further objects that this interrogatory calls for a legal conclusion. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS reflecting YOUR investigation of PLAINTIFF's Department of Fair Employment and Housing complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the term "investigation". Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS pertaining to any investigation(s) (whether formal or informal) into the allegations made by PLAINTIFF in the COMPLAINT, including but not limited to written statements of witnesses, notes of interviews with witnesses, tape recordings of any and all oral statements and/or interview of witnesses, transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses, and reports regarding the results of any and all investigations and/or correspondence pertaining to the allegations contained in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the term "investigation." Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar

34

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

### 1.     Plaintiff's Position

RFP 16 seeks documents concerning any investigation of Plaintiff's job performance or conduct.  These documents are relevant evidence or likely to lead to the discovery of admissible evidence concerning whether Defendant's stated performance related reasons for Plaintiff's termination were, in reality, pretext for discrimination. (Cleaver Decl., Ex. 2, p. 4.)  They are also relevant to Defendant's unclean hands affirmative defense. (Cleaver Decl. Ex. 8, DE 1-6 ¶ 8.)

RFP's 30 to 32 seek documents relating to its investigation of Plaintiff's complaints of retaliation and discrimination.  These documents are relevant to the discovery of facts to support Plaintiff's claims and whether Defendant adequately investigated his complaints.  They must be produced.  *Satchell v. FedEx Corp.*, 2005 WL 646058, at *4 (N.D. Cal. Mar. 21, 2005) (ordering production of defendant's "internal investigation of complaints of discrimination to the extent they are not privileged").  Defendant cannot use the attorney client privilege or work product doctrine to shield its investigation(s) from discovery.  First Defendant has presented zero facts to establish the privilege or work product doctrine might apply.  Even if Defendant claimed an attorney conducted or directed the investigation, the privilege still would not apply. Plaintiff has brought a failure to prevent discrimination and retaliation claim against Defendant.   (Cleaver Decl. Ex. 8, DE 1-2 ¶¶ 60-65.) Defendant's thirty-third affirmative defense is that Defendant took prompt, corrective

35

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

action. (Cleaver Decl. Ex. 8, DE 1-6, ¶ 33.)  Thus Plaintiff and Defendant have put the adequacy of any investigation that Defendant conducted concerning Plaintiff's complaints at issue.  "If a defendant employer hopes to prevail by showing that it investigated an employee's complaint and took action appropriate to the findings of the investigation, then it will have put the adequacy of the investigation at issue and cannot stand on the attorney-client privilege or work product doctrine to preclude a thorough examination of its adequacy." *Wellpoint Health Networks, Inc. v. Sup. Ct.*, 59 Cal. 4th 110, 128 (1997).  Defendant must produce documents related to any investigation of Plaintiff's retaliation and discrimination complaints.

### 2. Defendant's Position

As Defendant's counsel explained on the meet and confer conference with Plaintiff's counsel, these requests were overbroad and vague and ambiguous as worded. (Ross Decl. ¶ 9.)  It was unclear what Plaintiff was seeking regarding an "investigation" into his job performance (RFP 16) and it was unclear what documents he was seeking regarding any "investigation" into the complaints he made *after* he was informed he employment was terminated (the only time he made such alleged complaints) (RFPs 30-32) (Joiner Decl. ¶ 5.)  In any event, after Plaintiff's counsel further explained on the meet and confer call what he was seeking by these requests, Defendant's counsel agreed to review and respond.  (Ross Decl. ¶ 9.)  Defendant will agree to provide supplemental responses to these requests.

### F. Request Nos. 36-38, 43, 48, 50-51, 53-55: Job Performance Metrics

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS RELATING to the AOP ("Annual Operating Plan") such as annual AOP, changes to annual AOP, etc. for YOUR RETAIL DISTRICTS from January 1, 2016 to the present, including but not limited to summaries of AOP by district.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects that the phrase "Annual Operating Plan" is vague and ambiguous. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS RELATING to the calculation of AOP for YOUR RETAIL DISTRICTS from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects that the phrase "Annual Operating Plan" is vague and ambiguous. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

**REQUEST FOR PRODUCTION NO. 38:**

37

Monthly and annual detailed Operating Statements (in native electronic format) for District 0759 in YOUR Retail Division from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects that the phrase "Operating Statements" is vague and ambiguous. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS (e.g. spreadsheets, presentations, reports, etc.) concerning 2019 wage rate changes for YOUR RETAIL STORES in California, including but not limited to DOCUMENTS RELATING to the financial impact on the labor changes to YOUR California RETAIL DISTRICTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks

documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 48:**

DOCUMENTS constituting Associate Engagement Surveys for all YOUR RETAIL DISTRICTS from January 1, 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS RELATING to any Occupational Safety and Health Agency ("OSHA"), state or federal, complaints made against YOUR RETAIL STORES,

39

including but not limited to the number of OSHA complaints by RETAIL DISTRICT from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 51:**

All Facility Maintenance requests for PLAINTIFF's district from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant objects to this request as the phrase "Facility Maintenance requests" is vague and ambiguous. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS constituting compilations and/or summary (in native electronic format) of guest satisfaction statistics (e.g. social media, phone customer complaints, etc.) for YOUR RETAIL STORES and RETAIL DISTRICTS from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS constituting compilations and/or summaries (in native electronic format) of audits of YOUR RETAIL STORES and RETAIL DISTRICTS from January 1, 2016 to the present.

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 55:**

All KPI reports and summaries for YOUR RETAIL STORES and RETAIL DISTRICTS from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

### 1.    Plaintiff's Position

These documents are relevant to Plaintiff's claims, and Defendant's expected defenses.  For instance, to establish a *prima facie* case of age discrimination, Plaintiff must establish that he was performing satisfactorily at the time of his termination. *Sandell v. Taylor-Listug, Inc.*, 188 Cal. App. 4th 298, 321 (2010).  Defendant maintains that Plaintiff was terminated due to poor performance. (Cleaver Decl., Ex. 2, p. 4.) Thus, documents concerning Plaintiff's performance are highly relevant to his claims to establish that Defendant's stated reason(s) for terminating him were pretext for discrimination and retaliation.  Defendant's responses list Plaintiff's mid-year and year-end performance reviews as documents that Defendant relied upon when determining whether to terminate Plaintiff.

The documents requested largely seek information on the sales and performance metrics referenced in Plaintiff's 2019 mid-year review, his last review before he was terminated.  (Cleaver Decl. Ex. 6.)  The review criticizes Plaintiff for not meeting his target goals for Store Controlled Contribution ("SCC") and Annual Operating Plan ("AOP").  The review asserts that the stores in Plaintiff's district were behind their prior year results.  The review criticizes Plaintiff for having disappointing "margin dollars" and claims his "G3 tire units are behind .5 units per day."  The report criticizes Plaintiff for his purported shortcomings in other performance metrics such as non-tire sales, brakes, the alignment category, steering  and suspension, the PM category, and ventilation service.  Most, if not all of these metrics are tracked in the district operating statements.  The SCC and the AOP were set by Plaintiff's superiors and, thus the variations of the AOP during his employment are relevant to his claims that Defendant discriminated and retaliated against him, e.g. by increasing his AOP  and SCC targets to make it appear Plaintiff's performance was suffering.  The AOP and SCC of

Plaintiff's comparators are relevant to his discrimination and retaliation claims as well, e.g. by evidencing younger district managers with worse or equal performance results to Plaintiff were not terminated while Plaintiff was.

The 2019 evaluation also criticizes Plaintiff for not achieving his KPI goal. The review criticizes him for poor audit results, guest experience results, poor social media scores. The evaluation also criticizes his results in comparison to prior years in 2017 and 2018. (Cleaver Decl. Ex. 6.) Defendant cannot deny Plaintiff from conducting discovery on the documents and metrics that purportedly formed the basis for the review. Plaintiff also has the right to conduct discovery on performance measures other than those identified by Defendant that he maintains demonstrate that he was performing well.

RFP 39 seeks the operating statements for Defendant's retail district 0759. This is the district with no stores that Plaintiff's alleges Defendant established to siphon profits from its retail districts and stores to reduce manager bonuses. After Plaintiff complained about the district, Plaintiff alleges Defendant retaliated against him an ultimately terminated his employment. (Cleaver Decl. Ex. 7, DE 1-2 ¶¶ 15-20.) The operating statements will provide evidence to support Plaintiff's claim that he reasonably believed that Defendant was siphoning profits to steal bonus money from its managers.

The time frame for the requests is not overbroad. The request seeks documents four years and four months before Plaintiff's termination and less than two years after Plaintiff's termination. Neither of these time periods is overbroad. *See e.g. Chamberlin*, 247 F.R.D. at 291 (allowing the plaintiff to ask deposition questions concerning the reason for discharge or discipline, the age and disability status of each employee discharged or disciplined five years prior to the plaintiff's termination).

To the extent Defendant has business confidentiality concerns about producing the documents, a Protective Order has been entered in this case.  (DE 16.)  Defendant can produce documents subject to its terms.

### 2.    Defendant's Position

As Defendant's counsel explained on the meet and confer conference with Plaintiff's counsel, these requests are grossly overbroad and seek extensive and irrelevant documents regarding all district managers *across the entire country,* many of which seek any documents "relating" to other documents which make them even broader.  (Ross Decl. ¶ 6.)  Plaintiff has provided no argument regarding why he is entitled to such a broad amount of documents here.

First, his main argument is that he is entitled to documents regarding his own performance, *which he already has from prior productions.*  The performance reviews he mentions list specific performance metrics and numbers.  (Joiner Decl. ¶ 7.)   In any event, his requests are grossly overbroad and overly burdensome as they request extensive performance metrics throughout a more than six year period (including more than two years when Plaintiff was no longer employed).

Plaintiff's argument regarding his request for performance metrics for "District 0759" (RFP 38) is a red herring as this was not an operating district but an accounting "district" set up as a cost center for some holdback funds derived from *all districts* in order to pay for expenses not specific to any one district.  (Joiner Decl. ¶ 4; Ross Decl. ¶ 8.)  This was not, as Plaintiff alleges in his conspiracy theories, an effort to "siphon profits from its retail districts and store to reduce manager bonuses" and Plaintiff has no evidence in support of this, as none exists.

In any event, Defendant will agree to supplement these requests and produce further documents regarding the performance metrics of Plaintiff and other district managers in the South Region from January 1, 2016 through December 31, 2019 (as the decision regarding Plaintiff's termination was made based on performance metrics

45

through 2019 only), as CONFIDENTIAL subject to the Protective Order in this action. (Joiner Decl. ¶¶ 2, 5, 6.)  Such performance will show, contrary to Plaintiff's allegations, that his performance was vastly inferior to other district managers, justifying the end of his employment.

### G.    Request Nos. 39-42: Bonus Plan Related Documents

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS RELATING to bonus plans (annual plans, changes/updates to annual plans, etc.) for store managers in YOUR RETAIL STORES from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS RELATING to bonus plans (annual plans, changes/updates to annual plans, etc.) for district managers in YOUR RETAIL DISTRICTS from January 1, 2016 to the present.

46

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS RELATING to bonus plans (annual plans, changes/updates to annual plans, etc.) for general managers in YOUR Retail Division from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS RELATING to quarterly and annual bonus plan payouts for your 1) individual store managers; 2) individual district managers; and 3) individual general managers in YOUR Retail Division from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

### 1. Plaintiff's Position

These documents are relevant to Plaintiff's claims.  Plaintiff has alleged that Defendant retaliated against Plaintiff after he reported that Defendant's retail division executives siphoned money from the retail stores and districts to reduce bonus pay-outs

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

to district and store managers. (Cleaver Decl. Ex. 7, DE 1-2 ¶¶ 16-25.)  Thus, the bonus plans are relevant because the plans will show the relationship between district and store profitability and the bonus payouts.   The plans also constitute evidence concerning compensation Plaintiff was entitled to receive and are relevant to the calculation of Plaintiff's damages.

The request seeks information on bonus plans four years and four months before Plaintiff's termination and less than two years after Plaintiff's termination.  Neither of these time periods is overbroad. *See e.g. Chamberlin*, 247 F.R.D. at 291 (allowing the plaintiff to ask deposition questions concerning the reason for discharge or discipline, the age and disability status of each employee discharged or disciplined five years prior to the plaintiff's termination).

To the extent Defendant has business confidentiality concerns about producing the documents, a Protective Order has been entered in this case.  (DE 16.)  Defendant can produce documents subject to its terms.

## 2.      Defendant's Position

As Defendant's counsel explained on the meet and confer conference with Plaintiff's counsel, these requests are overbroad and overly burdensome as written as they seek *all documents* even tangentially *relating* to bonus plans for all store managers, district managers, and general managers **throughout the entire country** for *over six years* (including two years when Plaintiff was no longer employed) as well as the actual bonus *payouts for each individual store manager, district manager and general manager* **throughout the entire country.**  (Ross Decl. ¶ 7.)  First, Plaintiff was only employed as a district manager so there is no justification for seeking bonus plans for store managers and general managers.  (Joiner Decl. ¶ 2.)  Further, he has provided no argument or authority for why he is allowed to seek such vast bonus plus, let alone the *actual payouts* for each individual.   At best, he makes the same conspiracy theory argument regarding alleged siphoning of money from the retail stores and districts,

49

which is incorrect.  Plaintiff cannot justify seeking such vast documents based on a conspiracy theory with no evidence in support thereof.  (Joiner Decl. ¶ 4.)  Regardless, as discussed with Plaintiff's counsel previously, Defendant will agree to produce the district manager bonus plans in the South region from January 1, 2016 through December 31, 2019, as CONFIDENTIAL subject to the Protective Order in this action.

**H.    Request Nos. 46-47: Scrap Tire Fees**

**REQUEST FOR PRODUCTION NO. 46:**

DOCUMENTS RELATING to the scrap tire charges paid to vendors (i.e. the people/businesses that pick up scrap tires from YOUR RETAIL STORES) by district from January 1, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS (e.g. invoices) that evidence the prices charged by your scrap tire vendors to recover scrap tires from your RETAIL STORES from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

50

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

### 1.    Plaintiff's Position

These documents are relevant to Plaintiff's claim that Defendant's retail division executives siphoned money from the retail stores and districts to reduce bonus pay-outs to district and store managers, and that Defendant retaliated against him for reporting it.  (Cleaver Decl. Ex. 7, DE 1-2 ¶¶ 16-25.)

The time frame is not overbroad.  The request seeks documents on scrap tire charges four years and four months before Plaintiff's termination and less than two years after Plaintiff's termination.  Neither of these time periods is overbroad. *See e.g. Chamberlin*, 247 F.R.D. at 291 (allowing the plaintiff to ask deposition questions concerning the reason for discharge or discipline, the age and disability status of each employee discharged or disciplined five years prior to the plaintiff's termination).

To the extent Defendant has business confidentiality concerns about producing the documents, a Protective Order has been entered in this case.  (DE 16.)  Defendant can produce documents subject to its terms.

### 2.    Defendant's Position

As Defendant's counsel explained on the meet and confer conference with Plaintiff's counsel, these requests are overbroad and overly burdensome as written as

51

they seek *all documents* even tangentially *relating* to "scrap tire charges" for every store **throughout the entire country** for *over six years* (including two years when Plaintiff was no longer employed).  (Ross Decl. ¶ 8.)  Plaintiff's only justification for seeking such records is the same conspiracy theory argument regarding alleged siphoning of money from the retail stores and districts, which is incorrect.  (Joiner Decl. ¶ 4.) Plaintiff cannot justify seeking such vast documents based on a conspiracy theory with no evidence in support thereof.  Defendant will agree to provide supplemental responses and produce some additional documents as CONFIDENTIAL subject to the Protective Order in this action.

## I.      Request Nos. 56-57, 59: Policies and Procedures

### REQUEST FOR PRODUCTION NO. 56:

All DOCUMENTS that RELATE to, reflect, refer to, or record YOUR policies, practices and procedures regarding medical leaves of absence, including but not limited to, leaves of absence under the Family Medical Leave Act ("FMLA") and/or the California Family Rights Act ("CFRA").

### RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 57:**

Any and all DOCUMENTS of any kind RELATING to, pertaining to, or constituting YOUR policies, procedures, or practices regarding unprotected leaves of any kind.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

**REQUEST FOR PRODUCTION NO. 59:**

Any and all DOCUMENTS that evidence, PERTAIN or RELATE to any and all training or instructions provided by YOU, or on YOUR behalf or at YOUR request, to managers, supervisors, and human-resource personnel at the locations at which PLAINTIFF worked, RELATING or pertaining to YOUR disability-discrimination polices, including but not limited to YOUR reasonable-accommodation and interactive-process policies, occurring from January 1, 2016, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant objections on the grounds the terms "training" and "instruction" are vague and ambiguous. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy. Defendant also objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant will produce the applicable Goodyear Business Conduct Manuals.

Defendant's investigation is ongoing.  Defendant reserves the right to supplement its response.

### 1.    Plaintiff's Position

Defendant cannot credibly argue that its leave and disability accommodation policies are not relevant.  Plaintiff is suing Defendant for violation of the California Family Rights Act and for violations of state disability discrimination laws regarding a protected leave that Plaintiff requested to care for his disabled spouse.  Defendant's protected leave and disability accommodation policies, are thus relevant to Plaintiff's claims.

Defendant's responses state that it produced its Business Conducts Manual in response to in response to Plaintiff's RFP No. 59, which seeks documents related to Defendant's disability discrimination, accommodation, and interactive process policies.

54

The Business Conduct Manual references disability discrimination once and does not have any policies concerning disability accommodations or the interactive process. Defendant must produce the requested documents.

The time frame is not overbroad.  The requests seek documents from four years and four months before Plaintiff's termination and less than two years after Plaintiff's termination.  Neither of these time periods is overbroad. *See e.g. Chamberlin*, 247 F.R.D. at 291 (allowing the plaintiff to ask deposition questions concerning the reason for discharge or discipline, the age and disability status of each employee discharged or disciplined five years prior to the plaintiff's termination).

To the extent Defendant has business confidentiality concerns about producing the documents, a Protective Order has been entered in this case.  (DE 16.)  Defendant can produce documents subject to its terms.

### 2.    Defendant's Position

As Defendant's counsel explained on the meet and confer conference with Plaintiff's counsel, there was no other "handbook" applicable to Plaintiff's employment other than Goodyear Business Conduct Manual that was already produced. (Ross Decl. ¶ 4.)  The only other "handbook" Plaintiff referenced on the meet and confer call was a handbook that was not applicable to district managers like Plaintiff so it is not relevant here.  (Joiner Decl. ¶ 3.)  In any event, Defendant will supplement these responses and produce other separate policies that fall outside of the Business Conduct Manual and were applicable to Plaintiff.


### J.    Request Nos. 23, 27, 67, 69: Failure to Produce Documents
**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS RELATING to your performance improvement plan and termination process in effect from January 1, 2016 to June 30, 2020.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant will produce its Performance Improvement Plan.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 67:**

Any and all DOCUMENTS showing, depicting, RELATING or pertaining to any request(s) by PLAINTIFF for time off, leave(s) of absence, or other absences or time off from work from January 1, 2011 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant will produce Plaintiff's time off records.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 69:**

Any and all DOCUMENTS RELATING or pertaining to any and all absences or days missed from work, or portions of days missed, by PLAINTIFF from January 1, 2011, to his TERMINATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant will produce Plaintiff's time off records.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

1.    **Plaintiff's Position**

RFP 27 seeks documents relating to Defendant's performance improvement plan(s) and termination procedures.  These documents are relevant due to Defendant's assertion that it terminated Plaintiff's employment due to poor performance.  At the parties' March 25, 2022 telephonic meet and confer, Defendant's counsel indicated that Defendant had already produced a two page exemplar of Defendant's performance improvement plan.  But the request seeks more than that.  It also seeks documents that relate to performance improvement plans and termination procedures such as policies and guidelines for implementing these policies.  Defendant must produce all documents responsive to this request.

RFP's 67 and 69 seek documents related to Plaintiff's requests for leave or time off and documents relating to Plaintiff's time off from work.  At the parties' March 25, 2022 telephonic meet and confer, Defendant's counsel indicated that Defendant had already produced several pages of Plaintiff's time off records.  However, Plaintiff's RFP's also seek documents related to leave requests, which are relevant to Plaintiff's protected leave and disability discrimination claims.  Defendant must produce all documents responsive to these requests.

### 2.    Defendant's Position

First, although the heading mentions RFP 23, there is no discussion of RFP 23 in the argument so Plaintiff has not included it in this motion.  As for the other requests, Defendant's counsel already discussed them extensively on the call with Plaintiff's counsel and agreed to review further to see if we could supplement.  (Ross Decl. ¶ 10.)

RFP 27 is grossly overbroad as written as it seeks *all* documents even *tangentially relating* to Defendant's performance improvement plan and termination process, which could include any discussion regarding application of the process to any employee nationwide.  There is clearly no justification for such a request.  In any event, Defendant already produced the performance improvement plan template the company uses for such performance issues.  Plaintiff's argument that there must be further documents

58

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

does not justify a further production as he has pointed to no evidence of any missing documents.   Regardless, Defendant will supplement its response to clarify this information.

As for RFPs 67 and 69, Plaintiff admits that Defendant already produced Plaintiff's time off records.   The fact that Plaintiff assumes there must be further documents is unavailing and does not prove that Defendant withheld any documents. Regardless, Defendant will supplement these responses.

**K.      Request Nos 2-5, 8, 10, 11-15, 17-19, 21-22, 24, 28-29, 49, 59, 64-66, 68, 70-71, 73-79, 97, 102: Failure to State Whether Documents Have Been Withheld Subject to Objection**

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS pertaining or RELATING to PLAINTIFF's job performance from January 1, 2011 to the present while EMPLOYED by YOU, including but not limited to performance appraisals or evaluations (regardless of whether informal or informal, including drafts); commendations; awards; thank-you notes and letters; notes or letters or certificates of recognition or appreciation; DOCUMENTS reflecting counseling, discipline, or negative evaluations or feedback; or any other DOCUMENTS RELATING to PLAINTIFF's job performance while EMPLOYED by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the terms "performance reviews," "evaluations," "appraisals," "pertaining to Plaintiff's employment." Defendant also objects to this request to the

extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced Plaintiff's mid-year and year-end performance reviews. Please see G000155-204.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS signed by PLAINTIFF RELATING to the obtaining or holding of EMPLOYMENT with YOU, including as covered under Labor Code section 432.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the phrase "obtaining or holding" Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant has already produced Plaintiff's personnel file. Please see G000155-246.

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

1  Defendant's investigation is ongoing. Defendant reserves the right to supplement
2  its response.

3  **REQUEST FOR PRODUCTION NO. 4:**

4  The complete contents of any other file or files (other than the PERSONNEL
5  FILE of PLAINTIFF) RELATING, or referring to the terms and conditions of
6  PLAINTIFF's EMPLOYMENT by YOU, including but not limited to any files relating
7  to PLAINTIFF's request(s) for leave under the Family Medical Leave Act ("FMLA")
8  or the California Family Rights Act ("CFRA").

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10  Defendant incorporates by reference each and every one of the objections set
11  forth in the General Objections into this response. Defendant objects to this request on
12  the grounds that it is compound, overbroad in time and scope, burdensome, oppressive,
13  and harassing. Defendant further objects that the phrase "any other file or files" is vague
14  and ambiguous. Defendant also objects to this request to the extent that such documents
15  are neither relevant nor reasonably calculated to lead to the discovery of admissible
16  evidence. Defendant further objects to this request insofar as it seeks confidential and/or
17  proprietary documents. Defendant also objects to this request to the extent it seeks
18  documents that are privileged and confidential pursuant to the attorney-client privilege
19  and/or the attorney work-product doctrine, and/or concerns information obtained in
20  anticipation of litigation.

21  Subject to and without waiving the foregoing, Defendant responds as follows:

22  Defendant already produced documents related to Plaintiff's requested and
23  granted leave under the FMLA and CFRA. Please see G000212-227, G000234,
24  G000259, G000292-295

25  Defendant's investigation is ongoing. Defendant reserves the right to supplement
26  its response.

**REQUEST FOR PRODUCTION NO. 5:**

Any DOCUMENTS RELATING to PLAINTIFF's 2019 annual review, including any drafts of PLAINTIFF's 2019 annual review.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS RELATING to the wages and/or other forms of compensation earned by PLAINTIFF during the last five years of his EMPLOYMENT by YOU, including but not limited to wages (e.g. bonuses, profit sharing, stock options, deferred compensation, etc.) and benefits (e.g. pension benefits, retirement plans, medical or other insurance, etc.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced Plaintiff's wage statements from April 2017 to May 2020. Please see G00001-154.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 10:**

All PAY RECORDS for PLAINTIFF from January 1, 2016 until his TERMINATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects that the production of "entire personnel file" would be unduly burdensome and not proportional to the needs of this case. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced Plaintiff's wage statements from April 2017 to May 2020. Please see G00001-154.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 11:**

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Any and all DOCUMENTS used, considered, reviewed, read, or relied upon in deciding to TERMINATE PLAINTIFF's EMPLOYMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's termination, including the correspondences with Plaintiff regarding his termination, Severance Agreement and Release, correspondence with the employees regarding the restructuring of the Southern California districts, and customer complaints and related performance issues. Please see G000239-258, G000281-291, G0000296-299

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS showing, depicting, reflecting, or RELATING to the reasons for PLAINTIFF's TERMINATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's termination, including the correspondences with Plaintiff regarding his termination and with employees regarding the restructuring of the Southern California districts. Please see G000239-258

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS reviewed, read, referred to, or consulted by any PERSON who had any input into or provided any information upon which the decision to TERMINATE PLAINTIFF was based.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced the correspondences with Plaintiff regarding his termination and correspondence with employees regarding the restructuring of the Southern California districts. Please see G000257-258.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS showing, depicting, listing, or RELATING to who made or participated in the decision to TERMINATE PLAINTIFF's EMPLOYMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing, and the productions of "[a]ll DOCUMENTS" would be unduly burdensome and not proportional to the needs of this case. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced the correspondences between Plaintiff and Goodyear regarding Plaintiff's termination. Please see G000257.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING to PLAINTIFF's conduct or job performance from January 1, 2011, through his TERMINATION, including but not limited to emails, notes, memoranda, etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the terms "conduct" and "job performance." Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced Plaintiff's mid-year and year end performance reviews. Please see G000155-204.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting discipline YOU issued to, or considered issuing to, PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing, and the productions of "all DOCUMENTS" would be unduly burdensome and not proportional to the needs of this case. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the terms "discipline" and "considered." Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant further objects to the extent that this request seeks a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced the correspondences between Plaintiff and Goodyear regarding Plaintiff's termination. Please see G000257.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS that evidence, support, refer, or RELATE to any discipline imposed by YOU against any employee relating to the TERMINATION of PLAINTIFF's EMPLOYMENT with YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing, and the productions of "all DOCUMENTS" would be unduly burdensome and not proportional to the needs of this case. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant further objects to the extent that this request seeks a legal conclusion. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced the correspondences between Plaintiff and Goodyear regarding Plaintiff's termination. Please see G000257.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 19:**

69

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Any and all DOCUMENTS that evidence, support, refer, or RELATE to any discipline imposed by YOU against any employee for his or her treatment of PLAINTIFF occurring at any time from January 1, 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing, and the productions of "all DOCUMENTS" would be unduly burdensome and not proportional to the needs of this case. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant further objects to the extent that this request seeks a legal conclusion. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

Subject to and without waiving the foregoing, Defendant responds as follows:

After a diligent search and reasonable inquiry, Defendant has no such documents in its possession, custody, or control.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 21:**

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Any and all DOCUMENTS showing, depicting, reflecting, pertaining or RELATING to the discipline imposed on PLAINTIFF from January 1, 2011 to his TERMINATION, and the reasons for imposing that discipline.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's termination and Plaintiff's mid-year and year-end performance reviews. Please see G000155-204, G000257.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS showing, depicting, reflecting, pertaining or RELATING to the reasons for PLAINTIFF's TERMINATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and

harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's termination and Plaintiff's mid-year and year-end performance reviews. Please see G000155-204, G000257.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING to "multiple associate issues calling attention to culture concerns in the market..." as referenced in your January 23, 2020 letter to PLAINTIFF attached hereto as Ex. A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege

and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's termination and Plaintiff's mid-year and year-end performance reviews. Please see G000155-204, G000257.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS that describe your procedures or policies for terminating district managers in YOUR Retail Division for performance issues from January 1, 2016 to June 30, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

After a diligent search and reasonable inquiry, Defendant has no responsive documents in its custody, possession, or control.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that reflect any complaints made by PLAINTIFF to YOU regarding discrimination, harassment, retaliation, or violation of the California Family Right Act ("CFRA") of the Family Medical Leave Act ("FMLA") as well as violations of any other laws or any of your business ethics or compliance policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the term "complaints." Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant further objects that this interrogatory calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendants already produced Plaintiff's January 20, 2020 correspondence to Defendant. Please see G000237-238.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 49:**

Any compilation of guest satisfaction surveys or reports for districts in YOUR

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

RETAIL DISTRICTS from January 1, 2016 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects that the "guest satisfaction surveys" is vague and ambiguous. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced customer complaints relating to Plaintiff. Please see G000281-291, G000296-299.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 59:**

Any and all DOCUMENTS showing, depicting, RELATING or pertaining to YOUR policies and procedures RELATING to disability discrimination, retaliation, and/or accommodation, including but not limited to policies RELATING to the interactive process and/or reasonable accommodations from January 1, 2016 to the present.

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding employees of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy. Defendant also objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant will produce the applicable Goodyear Business Conduct Manuals.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 64:**

Any and all DOCUMENTS RELATING or pertaining to YOUR knowledge of PLAINTIFF's spouse's medical condition from January 1, 2018, through the date of his TERMINATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

the extent it seeks documents regarding third parties on the grounds that such documents are privileged and confidential under the constitutional rights of privacy. Defendant also objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced correspondence from Plaintiff regarding Plaintiff's spouse. Please see G000234, 259.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 65:**

Any and all DOCUMENTS from any healthcare provider of any kind RELATING to PLAINTIFF or his spouse from January 1, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding third parties on the grounds that such documents are privileged and confidential under the constitutional rights of privacy. Defendant also objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

After a diligent search and reasonable inquiry, Defendant has no responsive documents in its custody, possession, or control.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 66:**

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

All DOCUMENTS RELATING or pertaining to any work absences (including partial absences) of PLAINTIFF from January 1, 2011, through the date of his TERMINATION, including all DOCUMENTS showing the nature of the absence (e.g., unexcused absence, protected leave, vacation, sick day, etc.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant will produce Plaintiff's time off records.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 68:**

Any and all DOCUMENTS of any kind RELATING or pertaining to any and all leave taken by PLAINTIFF under the California Family Rights Act during his EMPLOYMENT by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and

harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's requested and granted leave under the FMLA and CFRA and plaintiff time off records Please see G000212-227, G000234, G000259, G000292-295

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 70:**

Any and all DOCUMENTS showing, depicting, RELATING or pertaining to any communication, written or oral, by PLAINTIFF's spouse to YOU concerning any physical or mental condition suffered by PLAINTIFF during his EMPLOYMENT, including but not limited to any physical or mental condition that qualified or might have qualified as a disability under the California Fair Employment and Housing Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objections that this request assumes facts not in evidence. Defendant also objects to this request to the extent it seeks documents that are privileged

79

and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding third parties on the grounds that such documents are privileged and confidential under the constitutional rights of privacy. Defendant also objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

After a diligent search and reasonable inquiry, Defendant has no responsive documents in its custody, possession, or control.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 71:**

Any and all DOCUMENTS showing, depicting, RELATING or pertaining to efforts by YOU to accommodate any of PLAINTIFF's requests for leave to care for his spouse.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's requested and granted leave under the FMLA and CFRA. Please see G000212-227, G000234, G000259, G000292-295

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 73:**

Any and all DOCUMENTS showing, depicting, RELATING or pertaining to efforts by YOU to engage in the interactive process, within the meaning of California Government Code Section 12940(n), with respect to any physical or mental condition that PLAINTIFF or his spouse may have suffered from, including but not limited to any physical or mental condition that qualified or might have qualified as a disability under the California Fair Employment and Housing Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects that this request calls for a legal conclusion. Defendant objects that this request assumes facts not in evidence.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's requested and granted leave under the FMLA and CFRA. Please see G000212-227, G000234, G000259, G000292-295

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 74:**

Any and all DOCUMENTS showing, depicting, constituting, RELATING or pertaining to any and all communications (whether written, oral or otherwise) between YOU and PLAINTIFF concerning any of PLAINTIFF's request(s) for reasonable accommodations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects that this request calls for a legal conclusion. Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's requested and granted leave under the FMLA and CFRA. Please see G000212-227, G000234, G000259, G000292-295

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

82

**REQUEST FOR PRODUCTION NO. 75:**

Any and all DOCUMENTS used, considered, reviewed, read or relied upon in deciding whether to grant or deny any and all requests for reasonable accommodations made by PLAINTIFF during his EMPLOYMENT by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's requested and granted leave under the FMLA and CFRA. Please see G000212-227, G000234, G000259, G000292-295

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 76:**

Any and all DOCUMENTS showing, depicting, reflecting, pertaining or RELATING to the reason(s) that any of PLAINTIFF's request(s) for reasonable accommodations were denied or approved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

83

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's requested and granted leave under the FMLA and CFRA. Please see G000212-227, G000234, G000259, G000292-295

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 77:**

Any and all DOCUMENTS reviewed, read, referred to, or consulted by any person who had any input into or provided any information upon which the decision(s) to grant or deny PLAINTIFF's request(s) for reasonable accommodations was based.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant further objects that the phrase "input" is vague and ambiguous. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

84

Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's requested and granted leave under the FMLA and CFRA. Please see G000212-227, G000234, G000259, G000292-295

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 78:**

Any and all DOCUMENTS showing, depicting, listing, pertaining or RELATING to the identities of those individual(s) who made or participated in the decision(s) to grant or deny PLAINTIFF's request(s) for reasonable accommodations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is compound, overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects that this request calls for a legal conclusion. Defendant objects to this request to the extent it seeks documents regarding employees

of Defendant and other third parties on the grounds that such documents are irrelevant and privileged and confidential under the constitutional rights of privacy.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant already produced documents related to Plaintiff's requested and granted leave under the FMLA and CFRA. Please see G000212-227, G000234, G000259, G000292-295

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 79:**

Any and all DOCUMENTS showing, depicting, constituting, RELATING or pertaining to any and all communications (whether written, oral or otherwise) between YOU and any of PLAINTIFF's or his spouse's health care providers of any kind concerning any of PLAINTIFF's request(s) for reasonable accommodations, including but not limited to any voicemail messages or audio recordings of any kind.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objections that this request assumes facts not in evidence. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant objects to this request to the extent it seeks documents regarding third parties on the grounds that such documents are privileged and confidential under the constitutional rights of privacy. Defendant also objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

After a diligent search and reasonable inquiry, Defendant has no responsive documents in its custody, possession, or control.

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS that support any affirmative defense YOU have pleaded, or currently intend to plead, in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. . Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant also objects that this request calls for a legal conclusion.

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant will produce non-privileged documents which support Defendant's Affirmative Defenses.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS identified in YOUR responses to PLAINTIFF' Interrogatories, Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive, and harassing. Defendant also objects to this request to the extent that such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks confidential and/or proprietary documents. Defendant also objects to this request to the extent it seeks documents that are privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine, and/or concerns information obtained in anticipation of litigation. Defendant also objects that this request calls for a legal conclusion

Subject to and without waiving the foregoing, Defendant responds as follows:

Defendant will produce Plaintiff's mid-year and year-end performance reviews, customer complaints, and correspondence with the employees regarding the restructuring of the Southern California districts. Defendant has already produced these documents. Please see G000155-204, G000258, G000281-291, G000296-299.

Defendant's investigation is ongoing. Defendant reserves the right to supplement its response.

### 1.    Plaintiff's Position

Defendant must provide supplementary responses that conform to Fed. R. Civ. P. 34(b)(2)(B) and (C).  Fed. R. Civ. P. 34(b)(2)(B) requires Defendant to state "that inspection and related activities will be permitted as requests or state with specificity the grounds for objecting to the request, including the reasons."    Fed. R. Civ. P. 34(b)(2)(C) requires that Defendant state whether any documents have been withheld subject to any objection. *Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652, 656 (D. Mont. 2018).  Defendant's responses do not conform to either rule.  Instead, Defendant responds with a series of boilerplate objections and statements concerning

documents it claims it has already produced.  The responses do not state whether Defendant will produce all responsive documents and do not state whether documents have been withheld subject to any objection.

The compressed discovery schedule in this matter means that Plaintiff must know as soon as possible whether Defendant is withholding documents so that Plaintiff can bring a motion to compel Defendant to produce some or all of any withhold documents and have it heard before the first day of trial.  Defendant's failure to state clearly whether it will comply with the discovery requests strongly suggest that Defendant is withholding documents or is trying to avoid looking for documents.  For example, RFP 13 seeks documents Defendant reviewed, read, or referred to by any person who provided information on which the decision to terminate Plaintiff was based.  In response, Defendant identifies only two document pages it already produced.  RFP 25 seeks documents relating to Defendant's decision to restructure the Southern California field leadership organization in Southern California, which is one of the reasons Defendant gave for Plaintiff's termination.  In response, Defendant identifies only two pages that it has already produced.  It is hard to believe that Defendant only reviewed two pages of documents when deciding to terminate Plaintiff, and that Defendant only has two pages of documents related to the restructuring of its retail leadership for Southern California.  Defendant must supplement its responses to these and all the other responses to which it agreed or claimed it would produce documents to indicate whether it had produced all requested documents and whether any requested documents have been withheld.

### 2.     Defendant's Position

Defendant's counsel already explained to Plaintiff's counsel that as the requests were overbroad and vague and ambiguous as written, Defendant could not provide a broad response agreeing to produce every potentially responsive.  (Ross Decl. ¶ 11.)

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

Accordingly, Defendant responded by listing the specific responsive documents it was producing.

As discussed on the meet and confer conference, it is interesting that Plaintiff raised this issue here when in response to Defendant's requests, Plaintiff simply responded that "to the extent that Plaintiff understands what documents are requested," he would produce responsive documents, "if any," without specifically indicating which requests he had responsive documents for and which he did not.  (Ross Decl. ¶ 11.) While Defendant went much further and specifically indicated what documents it was producing, Plaintiff apparently takes issue with such compliant responses.  In any event, Defendant already agreed to provide a privilege log (which Plaintiff's counsel has not yet provided either) and will supplement these responses to clarify if any documents have been specifically withheld outside of documents protected by attorney-client privilege or the attorney work product doctrine. (Ross Decl. 11.)

Dated:      April _5, 2022          LAW OFFICES OF G. SAMUEL


                                    _/s/ G.S. Cleaver_____
                                    G. Samuel Cleaver
                                    Attorneys for Plaintiff
                                    MICHAEL SHERLOCK

Dated:      April 4, 2022          LITTLER MENDELSON P.C.


                                    _____
                                    Sarah E. Ross
                                    Devon S. Mills
                                    Attorneys for Defendants
                                    Attorney for Defendant
                                    THE GOODYEAR TIRE & RUBBER
                                    COMPANY

90

JOINT STIPULATION REGARDING DISCOVERY DISPUTE

## ATTESTATION REGARDING SIGNATURES

I, G. Samuel Cleaver, attest pursuant to L.R. 5-4.3.4(a)(2)(i) that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Date: April 5, 2022                    _/s/ G.S. Cleaver_____
                                                            G. Samuel Cleaver
                                        Attorneys for Plaintiff Michael Sherlock

91

JOINT STIPULATION REGARDING DISCOVERY DISPUTE